Nov. Term,<br>**1856.**<br>Mason<br>v.<br>Smith.

---

## Mason v. Smith.

A warrant of attorney to "enter" judgment, authorizes the attorney to *confess* judgment,—especially where it was clearly intended to clothe him with that power.

APPEAL from the *Perry* Circuit Court.

*Tuesday,*<br>*November* 25.

Gookins, J.—This is an appeal from a confessed judgment. The complaint describes a note for 600 dollars and 55 cents, dated *January* 27, 1852, due two years after date, with interest, subject to a credit of 13 dollars and 25 cents, *December* 28, 1852, and another of 62 dol-

Nov. Term,
1856.

lars and 93 cents, *March* 7, 1854. The warrant of attorney is in the usual form, except that it authorizes the attorney to *enter* instead of to *confess* judgment. An affidavit of the defendant is annexed to the warrant of attorney, as required by the statute, that the debt is just and that he does not confess the judgment to defraud his creditors. Upon this complaint and warrant a judgment was entered *May* 26, 1854, for 666 dollars and 25 cents.

We think there is nothing in the objection that the attorney was authorized to *enter* instead of to *confess* judgment. The intention of the parties is clear, and that should govern. Were it otherwise doubtful, the affidavit annexed would make the intention clear.

A clerical error seems to have occurred in entering the judgment. The note is described in the complaint, and the credits upon it; and the judgment was authorized to be confessed for the amount of the note and interest as stated in the complaint. Instead of 666 dollars and 25 cents, the judgment should have been for 607 dollars and 74 cents.

*Per Curiam.*—If the appellee shall remit the excess, the judgment for the residue will be affirmed, otherwise it will be reversed, (1).

Judgment against the appellee for costs.

*J. H. Rea* and *E. Coburn*, for the appellant.

*B. Smith*, for the appellee.

(1) In accordance with the judgment of the Court, the counsel for the appellee remitted 60 dollars of the judgment.