HARVEY WHITE

*v.*

JOHN JONES *et al.*

1. JUDGMENTS—*when void—want of jurisdiction.* As a rule, of general, if not uniform, application, a judgment is void unless the court has jurisdiction of the person of the defendant and of the subject matter of the suit.

2. JUDGMENTS BY CONFESSION—*prematurely entered—whether void or merely voidable.* Where a warrant of attorney authorized a judgment to be entered by confession at any time from and after the date thereof, an entry of the judgment on the day of the date of the warrant would be premature and without legal authority, and the court having no jurisdiction of the person

of the defendant the judgment and all proceedings under it would be absolutely void.

3. EXECUTION LIEN—*void judgment.* And, as a consequence, no lien upon the property of the defendant would be created by placing an execution issued upon such a judgment in the hands of an officer.

4. ALTERATION—*of an execution—its effect.* If an execution, after being issued, is altered in a material part, it will thereby become void. No person, whether an officer or not, can be entrusted with the power of altering the process of the courts. If wrong, they should be returned, or amended by leave of court.

5. REVIVOR OF LIEN—*intervening rights protected.* If a promissory note were given in payment and satisfaction of a judgment previously rendered against one of the makers, the subsequent repudiation of such payment by the makers of the note can not affect the intervening rights of a *bona fide* purchaser of property upon which a lien had existed under the judgment, but which had been extinguished by such payment.

6. REPLEVIN—*what constitutes a wrongful taking.* If personal property is taken from the possession of a purchaser under an execution which was issued upon a void judgment against his vendor, the taking is wrongful.

7. PROMISSORY NOTE—*presumption as to its consideration.* The giving of a promissory note does not, of itself, raise a presumption of a satisfaction of a pre-existing account, or settlement of all accounts between the parties. *

8. So the mere production of a note given after the recovery of a judgment against one of the makers, is no evidence that it was in satisfaction, or even connected with the judgment.

9. SAME—*presumption when given for an antecedent demand.* But if it appears that the note was given for the antecedent account, or upon a settlement of accounts, or for a pre-existing judgment, the presumption will be that it was intended as a satisfaction of such demands or judgment.

10. The giving of a note may operate as a satisfaction of a pre-existing judgment without an express agreement to that effect.

11. FRAUD—*its effect*—If a judgment creditor who has obtained a lien under his judgment upon personal property, is induced by fraudulent means to accept the note of his debtor and another in satisfaction of his judgment, an intervening purchaser of the property from the debtor, who participated in the fraud, will not be protected against the lien under the judgment, thus sought to be extinguished.

12. PARTNERSHIP—*sale of one partner's interest for his individual debt.* A sheriff may levy on a partner's interest in joint property for his individual

---

* See also *Crabtree* v. *Rowand*, 33 Ill. 421 ; *Ankeny* v. *Pierce*, Breese 226.

debt, and such levy entitles him to reduce the property to possession; still it does not vest the title to the other partner's interest in him, nor would a sale of the debtor partner's property divest the other joint owner of his title to his interest. †

13. In such a case the officer could not sell the property, but only the debtor's interest therein; and the purchaser would become a joint owner with the other partner.

14. REPLEVIN—*of the verdict.* Where property which has been purchased from a partnership firm, is levied upon under an execution against one of the vendors, and the purchaser replevies it from the officer, the jury should find in whom the property is vested; if different interests exist and a portion is liable to execution and a portion not, they should say what interest was liable to be seized.

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Harvey White instituted his action of replevin in the court below against John Jones, Justus D. Andrus and Ethan J. Allen, to recover the possession of a stock of goods.

A trial resulted in a verdict for the defendants, and a writ of *retorno habendo* was awarded.

The plaintiff thereupon took this appeal. A sufficient statement of the case will be found in the opinion of the court.

Mr. CHARLES J. METZNER, for the appellant.

Mr. B. F. PARKS, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Appellant replevied a stock of goods from the sheriff, who had levied upon them under an execution against Waterman & Hall. There is no dispute that they were the owners of the goods up to the time that the claims of the appellant and

† See also *James* v. *Stratton et al.*, 32 Ill. 202; *Newhall* v. *Buckingham*, 14 Ill. 405.

the creditors originated. Appellant proved that about ten o'clock in the forenoon of the twentieth of November, 1860, he purchased and took possession of the stock of goods. It likewise appears that an execution was issued on a judgment against Myron V. Hall, and came into the hands of the sheriff at a quarter past nine o'clock of the same forenoon; and if that execution was valid it bound the interest of Hall in the firm property, and appellant purchased subject to that lien.

It, however, appears that after the levy was made on Hall's interest in the goods a new arrangement was entered into by which Waterman & Hall gave their note to Jones for the amount of his judgment against Hall, and under which the levy was made, together with the costs due upon the same. The note was payable on demand, and a warrant of attorney to confess a judgment thereon, at any time after the date thereof was also given. On the 20th of November, the date of the note and warrant of attorney, about six o'clock P. M., a judgment was confessed on the note and an execution issued, was placed in the hands of the sheriff and levied upon the same goods. The writ of replevin was thereupon issued and the goods seized and delivered to appellant.

If not void it would seem that the first execution levied upon the goods in the forenoon, became a valid, binding and prior lien upon Hall's interest therein before White consummated his purchase by obtaining possession of the goods. It is, however, contended that by taking Waterman & Hall's note for the amount of the judgment and costs, it became satisfied, and the lien discharged, and White's purchase freed from the liens. And Russell and Waterman both testify that it was understood that the giving of the note satisfied the judgment and discharged the lien, whilst Wheaton testifies that nothing was said in reference to its being a satisfaction. Whether it was so or not was a question for the jury to determine from the evidence precisely as they would any other question. If it were the design of the parties that it should operate as a satisfaction of the judgment and execution, then the arrangement had that

effect, and if so, then the levy was discharged and the goods released from the lien of the execution, and Jones would, of course, have to look to his new note and security for his debt. If the parties only intended to give additional security by executing the note and warrant of attorney, then the first judgment would still remain in force; and the intention of the parties may be ascertained by circumstances without proving an express agreement.

The question is likewise presented, whether any rights or a lien of any kind was acquired under the execution and levy, under the judgment confessed against Waterman and Hall in the afternoon. It is insisted, that the attorney in fact had no power to enter the appearance of Waterman and Hall until the day after the warrant was executed, and that the court had no jurisdiction of the defendants and the judgment and all subsequent steps under it were void. That case was brought to this court (28 Ill. 54) when it was held that the judgment was prematurely confessed and it was reversed. The confession being unauthorized at the time it was made, the question arises whether it was merely erroneous, or absolutely void. As a rule, of general, if not uniform, application, a judgment is void for all purposes, unless the court had jurisdiction of the person of the defendant, and of the subject matter of the suit. And jurisdiction is acquired by the actual service of process notifying the party to appear, by constructive notice to appear, as by publication, or by an entry of his appearance, by himself in person or by attorney. In the last case, the authority of the attorney to enter his appearance may be contested by the defendant, and if he shows a want of authority, it defeats the jurisdiction of the court. *Bimeler* v. *Dawson*, 4 Scam. 536. And it was held in the case of *Welsh* v. *Sykes*, 3 Gilm. 197, that the defendant might show in bar of an action on a judgment, that it was fraudulently obtained, or that the court pronouncing it, had jurisdiction of neither his person nor the subject matter of the action. And if he succeeded in establishing either of these defenses the judgment is entitled to no

credit, and the plaintiff must rely on his original cause of action. If the court acquired jurisdiction of the defendants, it was by an entry of their appearance, as there is no pretence of either actual or constructive service. And it appears from the power of attorney itself that the attorney had no power to enter their appearance until after the expiration of the day on which the warrant was executed. And there can be no pretence from any thing appearing in this record, that there was any other legal authority. For the want of authority there was no appearance, and consequently no jurisdiction, and the judgment was void, and all subsequent proceedings under it were invalid and conferred no rights upon the plaintiff in that judgment. The execution, consequently, created no lien upon the goods.

It therefore follows, that in no event could more than Hall's interest in the goods be held by defendants. And that depends upon whether the first judgment in favor of Jones and against Hall, was satisfied by the note given by Waterman and Hall. And if it were not, whether the execution was altered after it was issued, and these are questions which will present themselves on a trial which may be had in the court below, and which, we therefore decline to discuss. If the execution were altered in a material part, it would thereby become void. Courts can never permit such alterations of its process, thereby endangering the rights of parties, as effectually as any other species of forgery. If wrong, let it be returned, and issue legal process or apply to the court for leave to amend it, but no person, whether an officer or not, can be entrusted with such a power.

The instruction which the court modified and gave for plaintiff, was incorrect. If the giving of the new note was intended as a satisfaction of the judgment against Hall, its repudiation could not affect the rights of third parties which might have intervened. Persons purchasing in good faith would be protected by a satisfaction of the judgment upon which the lien was based. If they were not parties to the repudiation they

could not be affected by it. And the third of plaintiff's instructions was improperly refused. It correctly laid down the rule that if the goods were seized by virtue of the execution on the judgment against Waterman and Hall, the taking was wrongful, because the judgment was a nulity. This we have seen was true, as the court had no jurisdiction to render the judgment and it was void.

The sixth instruction given for the defendants announced an incorrect rule, and it should not have been given. The question of whether the note was given in satisfaction of the judgment, is one of fact and not of law. The nature of the new security, the purposes and objects for which it was given, together with all of the attendant circumstances, are to be considered by the jury in determining the question. The mere production of a note given after the recovery of a judgment is no evidence that it was in satisfaction, or even connected with the judgment. The giving of a promissory note, does not, of itself, raise a presumption of a satisfaction of an antecedent account, or settlement of all accounts between the parties. But if it appeared that the note was given for the account or upon a settlement of accounts between the parties, the presumption would be that it was intended as a settlement and satisfaction of the antecedent demands.

The seventh instruction was wrong, as it is not the law that an express agreement must be shown to satisfy the judgment before the note could so operate. Nor will the law presume in the absence of such an agreement, that it was intended only as additional security, but when it is taken for the antecedent debt it will be presumed to have been a satisfaction unless it is shown to have been intended as additional security.

The eighth instruction given for the defendant is wrong, inasmuch as it leaves out of view the rights of innocent purchasers of the goods, not parties to the setting aside of the Waterman and Hall judgment. They, as we have seen, could not have been affected by the subsequent acts of Waterman and Hall.

The ninth is, however, correct as given. It declares that if the note was given in satisfaction of the judgment, with the intention to defraud Jones, and plaintiff was a party to the arrangement, then it was not a payment.

It is urged that the case shows that the sale to White was fraudulent. If so it, as to creditors, was void as to Hall's interest as against the first judgment and the levy under the execution issued thereon was binding unless it was satisfied by the note, but these are questions for the jury. Whilst it is true that a sheriff may levy on a partner's interest in joint property and such levy entitles him to reduce the property to possession, still it does not vest the title to the other partner's interest in him, nor would a sale of such partner's property divest the other joint owner of his title to his interest. In such a case the officer could not sell the property but only the debtor's interest in the property. And under such a sale the purchaser would become a joint owner of the property with the other partner. And in case of replevying such goods the jury should find in whom the property is vested; if different interests exist and a portion is liable to execution and a portion not, they should say what interest was liable to be seized.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*