John E. Long, Defendant in Error, v. John E. Coffman, Plaintiff in Error.

Gen. No. 7,192.

1. JUDGMENTS—*warrant of attorney to "enter" judgment authorizes confession of judgment.* A warrant of attorney in a promissory note to "enter" judgment thereon authorizes the attorney to "confess" judgment.

2. JUDGMENTS—*warrant to confess judgment in "vocation" authorizes confession in "vacation."* A warrant of attorney authorizing an attorney to confess judgment on the note in question in term time or "vocation" authorizes confession of judgment during term or in "vacation."

3. JUGMENTS—*duty of clerk in entering judgment by confession during vacation wholly ministerial.* The clerk of the court is not called upon to exercise judicial powers in entering judgment on a note by confession during vacation, by reason of the fact that the warrant of attorney in the note authorizes the attorney to "enter" judgment during "vocation," since it is his mandatory duty to file the papers and enter judgment upon presentation to him of a purported declaration, warrant of attorney, *cognovit* and supporting affidavits, without questioning the legal sufficiency of such papers; and a judgment entered on such warrant is not defective as beyond the clerk's powers by requiring him to construe such words as "confess" and "vacation."

4. JUDGMENTS—*judgment by confession not invalidated by un-authorized release of errors in cognovit.* A judgment by confession is not invalidated by the fact that the *cognovit* expressly released all errors in entering judgment although the warrant of attorney in the note did not specifically authorize the attorney to release errors, since confession of judgment operates as a release of errors regardless of any such statement in the *cognovit*, and the rule of strict construction of the powers conferred by warrant does not apply, especially where no prejudice is shown.

5. ATTORNEYS AND COUNSELORS—*entry of judgment by confession by attorney for holder of note not grounds for disallowance of fees.* The fact that judgment by confession under warrant of attorney in the note sued on was entered by the attorney who represents the holder of the note on a motion to vacate the judgment and to reduce the amount thereof by the amount allowed as attorney's fees, is not grounds for so reducing the judgment.

Error by defendant to the Circuit Court of Ogle county; the Hon. HARRY EDWARDS, Judge, presiding. Heard in this court at the April term, 1923. Affirmed. Opinion filed September 7, 1923. *Certiorari* denied by Supreme Court (making opinion final).

JAMES L. MCDOWELL and ROY F. HALL, for plaintiff in error.

W. J. EMERSON, for defendant in error.

MR. JUSTICE JONES delivered the opinion of the court.

On November 29, 1922, the defendant in error, John E. Long, obtained a judgment by confession against the plaintiff in error, John E. Coffman, in the circuit court of Ogle county in vacation for the sum of $10,782.20 on thirteen notes. The judgment was for the principal and interest due and $988.33 included as plaintiff's attorney's fees, as provided in the warrants of attorney contained in said notes. At the next succeeding term of said court, Coffman entered a motion to set aside and vacate the judgment. The cause on said motion was heard on January 3, 1923, and taken under advisement by the court. On January 23, 1923, Long filed a motion for leave to remit

the sum of $18 from the judgment on account of an error in the computation of interest. The court allowed this motion, and then denied defendant's motion to set aside and vacate the judgment. Whereupon the defendant made a further motion to reduce the judgment by excluding the amount of plaintiff's attorney's fees. This motion was denied.

Each of the notes contained a warrant of attorney authorizing Frank Wertz or any other attorney of any court of record to enter the appearance of the maker of the note and to "enter" judgment in favor of the holder thereof for the amount then due with costs and ten per cent attorney's fees. In four of the notes the warrant of attorney authorized the judgment to be entered in term time or "vocation." In all the other notes the language used is, in term time or "vacation."

Plaintiff in error contends that the warrant of attorney is insufficient to authorize the judgment, because the word "enter" is not synonymous with the word "confess" and that it is the duty of the clerk of the court and not the attorney to enter judgment. Warrants of attorney contained in promissory notes are to be strictly construed against the person for whose benefit the instrument is executed and if the power to confess a judgment is not clearly expressed, the power cannot be exercised. But the same rules which govern contracts generally, in determining the intention of the parties to a written contract, are to be applied in determining the intention of the parties in the execution of a warrant of attorney. "Its terms must be sufficiently definite to indicate the intention of the maker. If the language used makes the object in view clear and certain, and accurately defines the power delegated, it is sufficient. The real meaning is to be ascertained from a consideration of the entire instrument. The intent will not be defeated by such inaccuracy of language as proceeds

from the omission of a word, which it was the evident purpose of the signer to insert." (*Packer v. Roberts,* 140 Ill. 9.) After reading the language used in the instruments here in question, it seems to us there can be no escape from the conclusion that the parties intended to authorize an attorney to confess a judgment. To give the language employed any other construction would be hypercritical. This same question was raised in *Mason v. Smith,* 8 Ind. 73. The court said: "We think there is nothing in the objection that the attorney was authorized to 'enter' instead of to 'confess' judgment. The intention of the parties is clear and that should govern." In Black on Judgments, vol. 1, sec. 61, it is said: "The warrant should specifically state its purpose. But the words used are not of the least importance, and it is held that a warrant to 'enter' judgment will be considered as equivalent to a warrant to 'confess' judgment."

The principles of construction hereinabove stated must be applied also to the contention of plaintiff in error as to the use of the word "vocation" instead of the word "vacation," and we hold the effect of the language employed in the warrants of attorney was to authorize any attorney of a court of record to confess judgment against the maker of said notes in any court of record in term time or vacation.

It is urged that a judgment could not be confessed upon said notes in vacation unless the clerk of the court first determined that the words "enter" and "vocation" were to be construed and interpreted to mean what this court has declared them to mean; and that such a determination on the part of the clerk involves the exercise of judicial powers, with which he is not clothed. This contention is not well grounded. The action of a clerk in entering a judgment by confession in vacation is wholly ministerial. His duties are imposed upon him by the statute and he has no

discretion in the performance of them. He is given no power to interpret or to construe the language employed in a note, nor has he the power to pass upon the legal sufficiency or aptness of such language. When he is presented with what purports to be a declaration, a warrant of attorney and a *cognovit* with such affidavits as may be required, he cannot question the validity or sufficiency of any instrument so presented to him. It is mandatory upon him to file the papers and to enter the judgment. If any of the papers are insufficient, the remedy is to be found in the court, where application can be made to vacate the judgment or to open it up and for leave to plead. (*Roundy v. Hunt*, 24 Ill. 598.)

The *cognovit* expressly released all errors in entering the judgment. The warrant of attorney did not, in terms, authorize the attorney to release errors, and it is contended that the powers conferred by the instrument must be strictly pursued and that any material deviation therefrom has the effect of rendering the judgment void. Counsel has stated the rule of law correctly but its application cannot be made to this case, because every confession of a judgment operates as a release of errors. (23 Cyc. 721.) Therefore the statement in the *cognovit* that all errors are released amounts to nothing more than a mere recital of what the law is and the result is the same whether the *cognovit* contains such a statement or not. Because a judgment by confession operates as a release of errors, the law is made to provide that courts of law shall have equitable powers in determining motions to vacate or open up such judgments and that appeals and writs of error may be prosecuted to review the judgment of the court in granting or denying such motions. In addition to this the plaintiff in error has not been prejudiced by such alleged release of errors and there is no legal or equitable reason assigned why the judgment should

be vacated on account of such release. (*Hansen v. Schlesinger*, 125 Ill. 237.)

The attorney who signed the *cognovit* confessing the judgment in this case is the same attorney who now appears in this court representing the defendant in error. He also appeared in the circuit court in behalf of the defendant in error and resisted the motions to vacate the judgment and to reduce its amount to the extent of the attorney's fees. It is urged that the motion to reduce the judgment as aforesaid should have been allowed and the court's denial of such motion is assigned as error. The practice which obtains with respect to obtaining judgments by confession is well understood by the profession. Whether it is a commendable practice or not may be open to doubt but nevertheless the custom has long existed for plaintiff's attorney to select some other attorney of his choice to sign the *cognovit* and to confess the judgment. Thus the procuring of the defendant's attorney is committed to the plaintiff's attorney. The selection of a defendant's attorney is not made with the view of finding some one who will seek to interpose a defense, against the entry of a judgment, but, rather, an attorney is found who co-operates with plaintiff's attorney in obtaining the judgment. This practice, long acquiesced in by the profession, has not been condemned by the courts.

In *Van Norman v. Gordon*, 172 Mass. 576, the court, in discussing an objection to the competency of the attorney who had signed the *cognovit*, said: "We assume that they were requested to appear by the attorney named in the warrant (plaintiff's attorney), * * * and that their appearance was really in the plaintiff's interest. That naturally would be so, and must have been expected when the power of attorney was given. There is no charge of fraud * * *. What was done in confessing judgment came within the terms of the warrant of attorney."

In *Blanck v. Medley,* 63 Ill. App. 211, it was held that a warrant of attorney authorizing ''any attorney of any court of record'' to confess judgment could be executed by an attorney in partnership with the attorney who signed the declaration for the holder of the note. This case is cited with approval by the Supreme Court of Massachusetts in *Van Norman v. Gordon, supra,* as is also *Mikeska v. Blum,* 63 Tex. 44.

For the reasons herein stated the judgment of the trial court is affirmed.

*Judgment affirmed.*