ALBERT BUILDING AND LOAN ASSOCIATION, Plaintiff, v. MORRIS NEWMAN and Another, Defendants.

Supreme Court, New York County, October 17, 1927.

**Judgments — foreign judgment — action on judgments recovered in Pennsylvania on bonds — bonds authorized confession in courts of Pennsylvania — judgments are valid here and are enforcible.**

Several judgments were entered against the defendants in the Court of Common Pleas of the county of Philadelphia, Penn., upon bonds which contained a clause authorizing the entry of judgment upon the default of the defendants. The judgments so entered in Pennsylvania are valid and enforcible here, and it is no defense to this action upon those judgments that the defendants at the time the judgments were entered in Pennsylvania were residents of the State of New York and were not served with process under the clause contained in the bonds. The Court of Common Pleas had the power to enter the judgments in question.

ACTION upon judgments obtained in the Court of Common Pleas for the county of Philadelphia, Penn.

*Isaac F. Becker,* for the plaintiff.

*Hyman Grill,* for the defendants.

FRANKENTHALER, J. It was stipulated between the attorneys for the respective parties that this case be tried by the court without a jury and that a verdict be directed with the same force and effect as though a jury were present. The facts, in addition to those admitted by the pleadings, were agreed upon. The action is brought upon five judgments obtained in the Court of Common Pleas for the county of Philadelphia, Penn. The original judgments were obtained upon bonds executed by defendants, which were not paid at maturity, and the amounts then due have not since been paid. Each of the bonds contains a clause as follows: " These are to desire and authorize you, or any of you, to appear for us, our heirs, executors or administrators, in said court or elsewhere, in an appropriate form of action, there or elsewhere brought or to be brought against us, our heirs, executors or administrators, at the suit of the said obligee, its successors or assigns, on the said obligation, as of any term or time past, present or any other subsequent term or time there or elsewhere to be held, and confess or enter judgment thereupon against us, our heirs, executors or administrators for the sum of thirty-six hundred dollars, lawful gold coin of the United States of America, of the present standard of weight and fineness, besides costs of suit, and all expenses affecting insurance as aforesaid by *non sum informatus nihil dicit,* or otherwise, as

to you shall seem meet; and for your, or any of your so doing this shall be your sufficient warrant.    *    *    *." Defendants defaulted in payment, and judgments in the said Court of Common Pleas followed. Defendants do not allege forgery, fraud, coercion, duress or undue influence, but contend that the above clause is not broad enough to warrant the proceedings brought in Philadelphia, and attack the jurisdiction of such court because the defendants were and now are residents of New York, and claim that even if jurisdiction were conferred the defendants should have been served with process. These objections are untenable. (*Teel* v. *Yost,* 128 N. Y. 387.) The Court of Common Pleas by virtue of the agreement between the parties rendered judgments which must be recognized by our courts. The warrants to enter these judgments authorized the confessions thereof. (*Mason* v. *Smith,* 8 Ind. 73.) The judgments, valid under the laws of Pennsylvania, are enforcible here. Verdict directed for plaintiff in the sum of $9,585.76, with interest from February 10, 1927, making a total of $9,825.40, besides the costs and disbursements of this action, with an exception to the defendants. The clerk is directed to return to the plaintiff his exhibits, Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11.