Ida Berlin, Appellee, v. The Udell Printing Company, Appellant.

Gen. No. 8,664.

Opinion filed September 20, 1933.

Runyard & Behanna, for appellant; William R. Behanna and Charles L. Whyte, Jr., of counsel.

Leon J. Ell and Kurt Kiesow, for appellee.

Mr. Justice Dove delivered the opinion of the court.

On January 7, 1933, appellee, the plaintiff below, recovered a judgment by confession against appellant, defendant below, in term time for $1,085. On the same day appellant entered its motion, supported by the affidavit of John L. Udell, its president, to vacate said judgment or, in the alternative, to open said judgment and for leave to plead. This motion was heard and the court ordered a remittitur in the sum of $20, attorney fees theretofore allowed, and after reducing said judgment to $1,065, denied the motion of appellant, and refused to either vacate said judgment or open it up and grant leave to plead. From this order the record is brought to this court for review by appeal.

The judgment was taken upon two bonds and interest coupons thereto attached, all executed by appellant, and dated May 1, 1928. Each bond matured May 1, 1934, and was for the principal sum of $500 and bore six per cent interest per annum, payable semiannually, evidenced by coupons, each for $15. Each bond was payable to bearer and disclosed that it was secured by a first mortgage upon an apartment building located at 540 Central avenue, Highland Park, Illinois, and bore a certificate that it was one of a series of 275 bonds issued by appellant, aggregating $187,500. Each of these bonds contained the following provisions, viz.:

"It Is Further Expressly Agreed that if default be made in the payment of any one of said bonds or coupons at the time and place when and where the same becomes due, and such default shall continue for

thirty days, then the said entire principal sum of this bond shall, at the election of the legal holder hereof, at once become due and payable, such election to be made at any time after the expiration of said thirty days, without notice, and the entire principal sum secured by said Trust Deed may thereupon become due and payable at the election of the legal holder or holders of five or more of said bonds, upon the terms and under the conditions prescribed in the Trust Deed. It is still further agreed that if default be made in the payment of any one of the said interest coupons or of the said principal sum, when and where the same shall become due, then interest at the rate of seven per cent per annum shall be allowed on both principal and interest in default, until the same are fully paid. Said Trust Deed and this bond are parts of the same contract and are to be construed together.

"The undersigned hereby appoints any attorney of any court of record to be its true and lawful attorney irrevocably for it and in its name to appear in such court in term time or vacation after this bond becomes due, whether by election as aforesaid, upon giving thirty days' notice of such default and election, or by regular maturity of this bond, waiving service of process and confessing judgment in favor of the legal holder hereof for the amount due hereon, with costs and Ten Dollars attorney's fees; and also to file a cognovit therefor with an agreement therein that execution may issue forthwith and that no writ of error or appeal shall be prosecuted upon judgment entered by virtue hereof, nor any bill in equity filed to interfere with the operation of said judgment, and to release all errors that may intervene in entering up said judgment or issuing execution thereon, hereby ratifying and confirming all that said attorney may lawfully do by virtue hereof."

The declaration, after setting forth the foregoing provisions, averred that by said power of attorney appellant authorized any attorney of any court of record to appear for it at any time after the date of said notes, upon default in the payment of interest coupons for a period of 30 days, and confess a judgment without process in favor of the holder of said notes for such amount as may appear to be due thereon, together with costs and $10 attorney fees on each note. The declaration then alleged that on May 1, 1932, two interest coupons became due and payable and that a demand was made for the payment of the same, but payment was refused and that thereafter, on the 18th day of July, 1932, appellee elected to declare the whole of said amount due and payable.

There are only two provisions in these bonds with reference to declaring them due prior to their maturity date—one in the paragraph preceding the power of attorney and the other in the power of attorney itself. The paragraph preceding the power of attorney provides, so far as it is material to this case, that in the event of the nonpayment of interest when due and a continuation of such default for 30 days thereafter, then the entire principal sum shall become due at the election of the legal holder, such election to be made *without notice* at any time after the expiration of said 30 days. The other provision is found in the power of attorney, and it authorized a judgment to be taken if the bond became due by reason of the default and election as provided in the preceding paragraph, but coupled therewith is the phrase "upon giving thirty days' notice of such default and election." Before the authority given in the warrant of attorney could therefore be invoked, the holder must not only elect to declare the principal sum due 30 days after default has been made in the payment of an interest coupon, but the holder must do something else and

that is to give to the maker notice of the fact that there has been a default and an election upon the part of the holder to declare the principal sum due, and that 30 days must intervene between the time notice of such default and election is given and the time when the holder would be authorized to invoke the provisions of the warrant of attorney and recover a judgment by confession. In our opinion the giving of this 30 days' notice of such default and election was a condition precedent to the right of the holder to avail himself of the authority embraced within this power of attorney, and inasmuch as the declaration failed to allege that this condition was complied with, the judgment was unauthorized.

The power to confess a judgment must be clearly given and strictly pursued, and a departure from the authority conferred will render the confessed judgment void. *Wells v. Durst Chevrolet Co.*, 341 Ill. 108; *Keen v. Bump*, 286 Ill. 11. The warrant in the instant case was to confess judgment for the amount due upon these bonds prior to their regular maturity date, only in the event there had been a default and an election as provided in the paragraph preceding the power of attorney and *upon giving 30 days' notice of such default and election.* The pleadings do not disclose that this provision was complied with and were insufficient therefore to support the judgment entered and appellee exceeded the authority conferred upon her by the provisions of this warrant of attorney and the judgment so entered is void. *White v. Jones*, 38 Ill. 159; *Baering v. Epp*, 247 Ill. App. 51.

There is no merit in the suggestions of counsel for appellee that the bill of exceptions does not preserve the questions presented for review. Embraced in the bill of exceptions is the alternative motion made by appellant to either vacate or open up the judgment, the supporting affidavit filed therewith, also the judg-

ment and order of the court thereon, together with a stipulation of counsel that the original bill of exceptions might be incorporated in the transcript of the record. It discloses also that it was approved by counsel for appellee and the trial judge certified that the bill of exceptions contained all of the proceedings had upon the hearing before him. It is true that in addition to the foregoing, there is also found in the bill of exceptions the declaration, cognovit and affidavit of the due execution of the bonds sued on, and while these instruments are also included in common law record, their inclusion in the bill of exceptions does not prevent this court from passing upon the question presented for review by this appeal.

In view of the conclusion we have reached, there is no necessity to consider the other reasons urged for a reversal of this order. The judgment order of the circuit court, denying the motion of appellant, is reversed and this cause is remanded with directions to vacate the judgment by confession rendered against appellant on January 7, 1933.

*Reversed and remanded with directions.*