Webster Grocer Company, Appellant, v. Edward C. Gammel and James A. Foster, as Executor of the Last Will and Testament of W. C. Lewman, Deceased, Appellees.

Gen. No. 8,971.

Opinion filed April 17, 1936.

Jones, Grant & Jones, of Danville, for appellant.

Acton, Acton & Baldwin, of Danville, for appellees; W. M. Acton, of counsel.

Mr. Justice Allaben delivered the opinion of the court.

On October 25, 1934, a judgment was entered by confession in open court, at the October term, in the circuit court of Vermilion county, Illinois, for $8,201.92, in favor of plaintiff appellant, Webster Grocer Company, a corporation, and against Edward C. Gammel and W. C. Lewman. No further action was taken during that term of court. The January term, 1935, intervened, and during the May term, on, to wit, July 18,

1935, defendants appellees filed a motion supported by affidavit to vacate and set aside the said judgment as being void. The affidavit filed with the motion showed that W. C. Lewman, one of the judgment debtors, died on November 7, 1934, and that James A. Foster was appointed executor. The affidavit did not deny the debt, but asserted that the judgment was premature in time, for the reason that the note, according to its terms, fell due on September 29, 1936, and the warrant of attorney had been altered so that the words "at any time hereafter" were scratched out, and therefore, that judgment could not be confessed upon said note until the due date thereof.

Plaintiff appellant filed a motion to strike the motion of the defendant appellee on the theory that the court had no authority or jurisdiction to set aside and void a judgment entered in open court at a former term thereof. The circuit court denied this motion, and allowed the motion to vacate the judgment, and entered an order vacating and voiding said judgment of October 25, 1934. From a final order vacating the judgment this appeal is prosecuted to this court.

It is contended by the appellant that since the judgment in this case was entered in open court in term time that the presumption of jurisdiction of the court to enter the judgment is conclusive. In support of this contention the appellant cites a number of cases, which we do not feel substantiate its position. In the case of *Roche v. Beldam*, 119 Ill. 320, where the grounds for vacating a judgment were that it was not entered in open court, and that said circuit court was not in session at the time it was entered, and at the time judgment was entered no execution had been issued, and where it was later shown that the court was in fact in session, the Supreme Court in its opinion said: "Thus, it is seen, the court in regular session had jurisdiction of the person of defendant and of the subject matter of the suit, and no reason appears on the

face of the record why the judgment rendered against defendant is not regular and valid." In the case of *Alton Banking & Trust Co. v. Gray*, 347 Ill. 99, the motion was filed to vacate a judgment entered by confession, motion being filed on behalf of certain guarantors on the note who claimed that they did not sign the power of attorney authorizing the confession of judgment. The power of attorney and note were not made a part of the record by the bill of exceptions, and the question raised on appeal did not involve a showing on the record as to whether the court had jurisdiction or not. Appellant also cites the case of *Osgood v. Blackmore*, 59 Ill. 261. In this case it was claimed that the notes described in the warrant of attorney were different from the note on which suit was brought. In that case the court said: "Had the power of attorney left it clear that the note produced was not that referred to in the warrant, then the power could not have been exercised. But, in this case, no doubt can exist that this is the note upon which the attorney was authorized to confess the judgment." And in connection with the presumption of jurisdiction in this case the court further said: "The presumption which the law indulges in favor of its jurisdiction can only be overcome, in a collateral proceeding, when the record itself shows there was no jurisdiction, and there is nothing in the record of the confession in this case which tends in the slightest degree to contradict the presumption." We believe there is no question that the rule in favor of upholding the jurisdiction of the court is followed in those cases where the record does not disclose any lack of jurisdiction, but where the record does disclose some infirmity in the court's jurisdiction, a judgment entered without such jurisdiction is void, and can be set aside on motion at a subsequent term.

As stated in the case of *Berlin v. Udell Printing Co.*, 271 Ill. App. 464: "The power to confess a judgment

must be clearly given and strictly pursued, and a departure from the authority conferred will render the confessed judgment void. *Wells v. Durst Chevrolet Co.,* 341 Ill. 108; *Keen v. Bump,* 286 Ill. 11. The warrant in the instant case was to confess judgment for the amount due upon these bonds prior to their regular maturity date, only in the event there had been a default and an election as provided in the paragraph preceding the power of attorney and upon giving 30 days' notice of such default and election. The pleadings do not disclose that this provision was complied with and were insufficient therefore to support the judgment entered and appellee exceeded the authority conferred upon her by the provisions of this warrant of attorney and the judgment so entered is void.'' Citing *White v. Jones,* 38 Ill. 159; *Baering v. Epp,* 247 Ill. App. 51.

In the case of *White v. Jones, supra,* the court in its opinion said: ''The confession being unauthorized at the time it was made, the question arises whether it was merely erroneous, or absolutely void. As a rule of general, if not uniform, application, a judgment is void for all purposes, unless the court had jurisdiction of the person of the defendant and of the subject matter of the suit.'' As in the *White* case, so in the instant case, if jurisdiction was obtained of the defendants, it was only obtained by the entry of their appearance and as such authority appears from the power of attorney, nothing which appears in the record can give any authority for entering a judgment other than the warrant of attorney on the note in the form in which it stood with the words ''at any time hereafter'' scratched out which words were stricken before the note was executed. Therefore, we do not believe that the court had any jurisdiction to enter judgment until the due date, and since the note had not yet matured at the time the said judgment was

entered by the trial court, the said judgment so entered by the trial court is void.

For the reasons given we believe that the trial court properly allowed the motion to vacate the judgment, and properly entered an order vacating, and voiding said judgment, and said order entered by the circuit court is hereby affirmed.

*Order affirmed.*