MARVIN DEGARMO, Plaintiff-Appellee, *v.* ALDECO, INC., Defendant-Appellant.

(No. 72-381; )

Second District—August 8, 1973.

Thomas E. Aul, of Milwaukee, Wisconsin, for appellant.

David F. Smith, of Loves Park, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

Defendant appeals from a judgment of the circuit court of Winnebago County which, after opening a judgment by confession and after answer and hearing, found the issues for the plaintiff and allowed the judgment to stand.

The judgment by confession was entered on September 29, 1971, for $12,351.53 (being $10,000 principal, $251.53 interest and $2100 attorney fees) under a warrant of attorney in a promissory note executed by defendant. The note was dated April 16, 1969, and the defendant promised to pay the principal sum of $10,000 to plaintiff's order as follows: "The

undersigned shall make yearly installment payments in such sum or sums as the undersigned, in its sole discretion, may determine * * *", followed by a proviso "that the entire balance of principal and interest shall be due and payable on April 16th, 1979." It further provided that "Beginning April 16, 1971 (being two years after the date of the note) interest shall be payable on the balance of principal remaining from time to time unpaid at the rate of six (6%) per cent per year." The note also included a power of attorney to confess judgment "at any time after default" in favor of the holder "for the unpaid balance, interest, costs and reasonable attorney's fees."

The trial court opened the judgment on plaintiff's motion and his supporting affidavit. Defendant filed its answer and the court heard evidence adduced by both parties. The record discloses that the note was drawn by defendant's attorney. Defendant made no payment whatever on the note prior to judgment. About two years after the note was delivered to plaintiff, the defendant corporation transferred its business from Rockford, Illinois, to Milwaukee, Wisconsin. On July 26, 1971, plaintiff's attorney wrote to defendant's president in part, as follows:

"I have been contacted by Marvin DeGarmo regarding your installment note of $10,000, dated April 16, 1969. Under the terms of the note, you were to make yearly installment payments on the obligation. This has not been done and you are in default. The note could be placed in judgment at this time.

I have also been advised that you have disposed of the assets of Aldeco Inc. and have bought into another company.

Please advise me of your intentions regarding this note, so that no further action need be taken."

By letter dated August 3, 1971, defendant's attorney replied in part, as follows:

"A review of the language of the promissory note in question does not indicate the conclusion reached in your letter. Specifically, the note states that the entire amount of principal and interest shall be due and payable on April 16, 1979. Any prepayment of principal or interest, whether via yearly installments or otherwise, is solely within the discretion of the promissor. Therefore, I suggest that Aldeco, Inc. is not in default at this time."

On August 16, 1971, plaintiff's attorney replied by letter stating in part:

"If Mr. Allen would agree to make at least interest payments yearly commencing April 16, 1972, and possibly some payment on the principal, I'm sure that Mr. DeGarmo would not take any further action. Could you please ask Mr. Allen if he would make

interest payments and if he would be willing to pay something on the principal yearly." Having received no reply, plaintiff's attorney wrote a further letter dated August 24, 1971, stating in effect that he was instructed to take legal action against the defendant, "If I do not hear from you regarding this matter by the end of the month * * *." The court heard parol evidence in an attempt to resolve any ambiguity in the phrase "the undersigned shall make yearly installment payments in such sum or sums as the undersigned, in its sole discretion, may determine." The evidence was conflicting as to the intention of the parties. Defendant's evidence was to the effect that it was not his intention that yearly installments be made, while plaintiff's evidence was that he understood he would and should have received some payments annually.

■■ After hearing the testimony the trial court concluded in effect that there was no ambiguity and that the provision in question required defendant to make annual payments whether they be "a dollar or a penny, in defendant's sole discretion, and that the failure to make any yearly installment payment constituted a default. We agree.

■■■ The word "shall" has been repeatedly defined not as being permissive, but as mandatory, and as denoting obligation when employed with reference to a contract right. (See *Weill v. Centralia Oil Service Co.*, 320 Ill.App. 397, 402, and cases cited therein.) Therefore, defendant was obligated to make "yearly installment payments." "Installment payments" are periodic partial discharges of a sum due in money "or that which the creditor accepts as money or in lieu of it." *Scott v. Gilkey*, 49 Ill.App. 116, 122; *Stricklin v. Eldorado Bldg. & Loan Ass'n*, 280 Ill.App. 580, 584.

Thus, it is obvious that defendant's failure to discharge its obligation to make yearly installment payments in any amount (whether "a dollar or a penny") constituted a default.

■■ Defendant contends that the maturity date was April 16, 1979, and judgment could not be confessed prior thereto in the absence of an acceleration clause. However, the defendant expressly granted in the note the warrant of attorney to confess judgment *"at any time after default * * * for the unpaid balance,* interest, costs and reasonable attorney fees." (Emphasis supplied.) As the court stated in *First Nat. Bank v. Galbraith*, 271 Ill.App. 240, 244:

"[I]t is well established law in this State that judgment is not prematurely taken on a warrant of attorney, forming a part of a promissory note, for the amount unpaid on the note, although the note is not due by its terms, where the warrant provides that judg-

406

ment may be taken at any time after the date of the execution of the note." [Citations.]

This court had occasion to cite that case with approval in *Ives v. May*, 5 Ill.App.3d 193. In the case at bar there was the additional element of default in yearly installments which defendant was obligated to make. The judgment is therefore affirmed.

Affirmed.

GUILD, P. J., and T. MORAN, J., concur.