EARL A. NINOW et al., Plaintiffs-Appellees, v. JOHN P. LOUGHNANE, JR., et al., Defendants-Appellants.

First District (5th Division)    No. 80-2343

Opinion filed December 31, 1981.

Robert K. Downs & Associates, Ltd., of Oak Park, for appellants.

Michael Pekay and Annette M. Takeo, both of Chicago, for appellees.

JUSTICE MEJDA delivered the opinion of the court:

Subsequent to the entry of judgment by confession in favor of plaintiffs, defendants filed an amended petition to vacate the judgment (Ill. Rev. Stat. 1979, ch. 110, par. 72), or, alternatively, to open the judgment with leave to file an answer (Ill. Rev. Stat. 1979, ch. 110A, par. 276). The trial court denied the amended petition and confirmed the judgment by confession against the defendants. Defendants appeal.

The issues presented for review are: (1) whether the warrant of attorney upon which the confessed judgment was based was void; (2) whether the trial court erred in denying defendants' petition to open the judgment pursuant to Supreme Court Rule 276 (Ill. Rev. Stat. 1979, ch. 110A, par. 276); (3) whether the trial court erred in denying defendants' petition to vacate the judgment pursuant to section 72 (Ill. Rev. Stat. 1979, ch. 110, par. 72); and (4) whether the trial court erred by confirming the judgment by confession without setting the matter for a hearing *de novo*, pursuant to section 12 of "An Act relating to wage deductions * * *" (Ill. Rev. Stat. 1979, ch. 62, par. 82).

On January 24, 1976, the plaintiffs entered into an agreement with defendant Loughnane, Ltd., to sell it all of the outstanding shares of stock in their solely owned corporation. Defendants John P. Loughnane, Jr., and John P. Loughnane III were guarantors under the agreement. The sale agreement provided for a purchase price of $123,460, payable with an initial payment of $35,000 on February 1, 1976, and defendants' judgment note for the balance of $88,460 with interest at 6% per annum. Defendants executed a judgment installment note for the $88,460 balance and 6% interest per annum on the balance of principal from time to time unpaid, payable $21,000 on February 1, 1977, and $21,000 or more on the first day of each February thereafter until paid in full with final payment of principal and interest on February 1, 1981. Prepayments were subject to the following penalties: 1977—$11,200; 1978—$6,900; 1979—$3,500; and 1980—$1,200. The penalties were payable simultaneously with the payment of the final principal payment.

On March 27, 1978, defendant John Loughnane III informed plaintiffs by letter that two severe problems encountered shortly after defendants purchased the business forced them to sell it on May 15, 1977. Defendant stated that it was now known that plaintiffs had been aware of these problems prior to the sale and had concealed them. The letter further stated that the concealment mandated "a *substantial* reduction of the purchase price, and if such reduction is not forthcoming we will decline further payments to you."

On May 9, 1979, plaintiffs filed their complaint to confess judgment on the note alleging that there was due on said note a balance of $88,460, interest $17,692.30, and attorney fees of $4,300 for a total of $110,452.30.

Although the complaint indicates no payments on the note, in oral argument in this court counsel for plaintiffs conceded that the first installment due February 1, 1977, was in fact paid. Judgment for the full amount of $110,452.30 was entered on May 25, 1979. On August 1, 1979, summons to confirm judgment by confession directed to all defendants were served upon defendant John P. Loughnane III.

On January 28, 1980, defendants filed an amended petition to vacate the judgment by confession or to open the judgment by confession with leave to file answer, supported by the affidavits of the defendants that they had a meritorious defense to plaintiffs' claim in that the judgment installment note provided for renegotiation upon good cause shown "[i]f makers herein, are not able to make payment in full at any time within the foregoing five year period * * *." Attached were copies of the March 27, 1978, letter of defendant John Loughnane III, the installment note, and the sale agreement.

On July 15, 1980, a hearing on defendants' amended petition was held. A stipulation as to report of proceeding agreed to by the parties for purposes of appeal and filed as part of the record stated that both plaintiffs and defendants filed answers in open court. Plaintiffs filed an answer to defendants' amended petition and defendants filed an answer to plaintiffs' original complaint to confess judgment. Defendants' answer denied paragraph 4 of plaintiffs' complaint which had alleged that $110,452.30 including principal, interest and attorney fees was due and owing plaintiffs from defendants.

After reviewing the amended petition to vacate or open judgment and plaintiffs' answer, as well as the answer submitted by defendants to the original complaint, the court denied defendants' petition without hearing evidence and confirmed the judgment of $110,452.30 against defendants.

OPINION

Defendants first assert that the warrant of attorney contained in the installment note is void because its inconsistency with a typed provision calling for renegotiation if the maker is unable to make payments makes the conditions of default and the extent of their liability unascertainable from the face of the note.

■■ The power to confess a judgment must be clearly given and strictly pursued. (*Devon Bank v. Schlinder* (1979), 72 Ill. App. 3d 147, 390 N.E.2d 447.) A warrant of attorney is to be construed according to the rules which apply to written contracts generally. (*Wolf v. Gaines* (1961), 33 Ill. App. 2d 428, 179 N.E.2d 466.) A warrant of attorney may be incorporated, as here, into a note and for purposes of construction they are to be regarded as one instrument. *Sharp v. Barr* (1924), 234 Ill. App. 214.

The installment note signed by defendants contains the standard acceleration and judgment by confession provisions which were part of the preprinted form. By the terms of the acceleration clause, the unpaid principal together with accrued interest becomes due upon default in the payment of any installment of principal due. The warrant of attorney clause authorizes any attorney to appear and confess judgment if this note is not paid when due. Taken together, these two provisions authorize a confession of judgment to be entered upon the failure by defendants to pay any installment of principal. Defendants do not assert that the language of these provisions is ambiguous or uncertain. Nor do we find them to be so. Nevertheless, defendants assert that the presence of an additional typed provision in the same installment note rendered the powers conferred by the warrant of attorney uncertain and thus void. That typed provision provides:

> "If Makers herein are not able to make payment in full at any time within the foregoing five year period, for good cause shown, the payment of any balance remaining due at that time is subject to renegotiation between parties, interest on the unpaid balance to be 1½% over the then prime interest rate existing at First Nat'l Bank of Chicago, Ill."

■■▶Defendants argue, based upon this provision, that the parties contemplated renegotiation if and when payment could not be made and that any default sufficient to trigger the invocation of the warrant of attorney clause could not be determined without resort to evidence *de hors* the installment note. Plaintiffs of course respond that the warrant of attorney to confess judgment was clearly given, properly exercised, and thus not void. They further contend that the renegotiation provision is only applicable to defendants' inability to make payments in full of the balance of the note, and is not applicable to defendants' inability to make any individual installment payment. The warrant of attorney clause standing alone clearly grants the power to confess judgment against defendants upon default. The parties differ, however, as to their interpretation of what constitutes a default according to the terms of the installment note. A difference in interpretation of the default terms in an instrument does not necessarily render the warrant of attorney void. (See *DeGarmo v. Aldeco, Inc.* (1973), 13 Ill. App. 3d 403, 300 N.E.2d 270; accord, *Mid-States Finance Co. v. Redman* (1969), 111 Ill. App. 2d 107, 248 N.E.2d 789.) Therefore, contrary to defendants' assertion, the warrant of attorney included in the installment note here was not void for want of definiteness merely because the parties differ as to when the power to confess judgment could be invoked.

■■ Defendant further contends that the warrant of attorney is void because the inconsistency between the warrant of attorney and renegotia-

tion provisions rendered the extent of their liability unascertainable from the face of the instrument. As stated in *Weber v. Powers* (1904), 213 Ill. 370, 383, 72 N.E. 1070, 1074, "A judgment by confession must be for a fixed and definite sum, and not in confession of a fact, that can only be established by testimony outside of the written documents, required by the statute to be filed in order to enter up a judgment by confession." Thus, the extent of the liability undertaken must be ascertainable from the face of the instrument in which the warrant of attorney is granted. (*Grundy County National Bank v. Westfall* (1971), 49 Ill. 2d 498, 275 N.E.2d 374.) Defendants rely on *Grundy* and *State National Bank v. Epsteen* (1978), 59 Ill. App. 3d 233, 376 N.E.2d 40, for their assertion that the warrant of attorney appearing in the installment note was legally insufficient. In those cases the courts held the warrants of attorney before them invalid because the instrument containing the warrant of attorney guaranteed payments of "any and all indebtedness" presently due or which might become due in the future to the extent of $50,000 in *Grundy* and $120,000 in *State*. Thus, in neither case did the instrument state a liquidated sum for which the signatory was liable at the creation of the instrument. Rather, each set forth a ceiling amount for which the signatory could become liable, and for which judgment could be confessed.

The instrument before us is similar to the retail installment sales contract considered in *Sears Bank & Trust Co. v. Scott* (1975), 29 Ill. App. 3d 1002, 331 N.E.2d 607. There the contract for the sale of an automobile listed various credits to the buyer and to the seller with a time price balance of $3,888 to be paid in 36 monthly installments of $108. When defendant defaulted, plaintiff repossessed the automobile and sold it to satisfy the amount due on the contract. Plaintiff apparently failed to obtain a price sufficient to liquidate the balance due, because it later caused a judgment by confession to be entered against the defendant for $919.03. The defendant buyer in *Sears*, like defendants here, argued that the judgment by confession was void because the amount of the debt could not be determined solely from the sales contract. The *Sears* court, however, held that the instrument as written established a definite sum owed at the time of its creation, and thus the warrant of attorney was not defective and the judgment by confession was not void. Similarly, the judgment note signed by defendants in this case establishes the total amount of defendants' indebtedness to plaintiffs at the time of signature and further contains a schedule by which such payments are to be made.

■■ Defendants further assert, however, that the extent of liability is not ascertainable from the face of the instrument because the renegotiation provision suggests that upon default the amount due under the note could be renegotiated. However, we find no merit in this contention as the

renegotiation clause states that it is the "payment" of the balance and not the "amount" of the balance that is subject to renegotiation. Accordingly, the warrant of attorney here is not legally insufficient for want of definiteness.

We next consider defendants' assertion that the judgment by confession should have been opened pursuant to Supreme Court Rule 276 (Ill. Rev. Stat. 1979, ch. 110A, par. 276). That rule allows the court to open a judgment by confession if the defendant has raised a defense on the merits to the whole or a part of plaintiff's demand and has been diligent in presenting his motion. Both plaintiffs and defendants agree that defendants were diligent in presenting their motion. Therefore, only the substance of defendants' motion to open the judgment need be considered.

■■■ Defendants' motion and the attached affidavits and exhibits allege that the installment note called for renegotiation for good cause shown if payment could not be made; that shortly following the purchase of the business defendants experienced severe problems in its operation, problems which plaintiffs had knowingly concealed from them prior to the sale, necessitating the sale of the business; and that defendants were not in default. Therefore, according to defendants' interpretation of the installment note's terms, the power to confess judgment conferred in the warrant of attorney was prematurely invoked, as renegotiation was called for upon the inability to make payment. The premature invocation of the power to confess judgment conferred by a warrant of attorney would of course present a defense to the underlying confessed judgment, as the power to confess a judgment must not only be clearly given, it must also be strictly pursued. (*Grundy County National Bank v. Westfall* (1971), 49 Ill. 2d 498, 275 N.E.2d 374.) A judgment by confession under a warrant of attorney can be entered only at such time as authorized by the terms of the warrant. (See *Webster Grocer Co. v. Gammel* (1936), 285 Ill. App. 277, 1 N.E.2d 890.) Where a judgment by confession is authorized to be entered upon the default of a party, such default is a condition precedent to the entry of the judgment and a judgment by confession entered prior to the occurrence of this condition cannot be sustained. See *Berlin v. Udell Printing Co.* (1933), 271 Ill. App. 464.

■■■ Whether or not defendants are in default according to the terms of the installment note so as to justify the invocation of the power to confess judgment conferred by the warrant of attorney depends on the interpretation accorded the language of the note. The interpretation of the language of a contract, that is the determination of the meaning to be given its words, is a question of fact. (*United Farm Bureau Mutual Insurance Co. v. Elder* (1980), 89 Ill. App. 3d 918, 412 N.E.2d 630; 3 Corbin on Contracts §554, at 219 (1960).) When the language of a contract is ambiguous or unclear so that the intentions of the parties cannot be

discerned from the contract itself, extrinsic evidence may be considered to make a proper interpretation of the contract. *First National Bank v. Minke* (1981), 99 Ill. App. 3d 10, 425 N.E.2d 11.

■■ ■ The renegotiation and acceleration clauses in the installment note, when taken together, are sufficiently unclear to warrant the introduction of extrinsic evidence to determine the intent of the parties. This is particularly true in light of the general rule that a warrant of attorney contained in a promissory note is to be strictly construed against the party for whose benefit the instrument was executed. *Long v. Coffman* (1923), 230 Ill. App. 527.

Therefore, defendants sufficiently raised a defense to the judgment by confession in their petition to open the judgment and the trial court improperly denied their petition. Because we have concluded that the judgment by confession should have been opened pursuant to Supreme Court Rule 276, we find it unnecessary to address the remaining issues raised.

Accordingly, the order denying defendants' motion to open or vacate the judgment and confirming the judgment by confession is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

SULLIVAN, P. J., and LORENZ, J., concur.