Dean Powers Co., an Iowa Corporation, Plaintiff-Appellant, v. Marvin Adams and Adams Contractors Equipment, Inc., a Corporation, Defendants-Appellees.

### Gen. No. 11,843.

Second District.

February 24, 1964.

Brown, Connolly and Paddock, of Rockford, for appellant.

No appearance or briefs filed on behalf of appellees.

CARROLL, J.

On September 9, 1961, plaintiff sold defendant a used 1958 Dodge Tractor at a price of $2,500. A credit of $1,000 was given for two trailers traded in, leaving a balance due of $1,500. The sales order for the transaction contained an express warranty of the truck, limited to thirty days or 1,000 miles, whichever first occurred. On the same date defendant executed a conditional sales contract financing the $1,500 balance with the Interstate Finance Corporation. Under such contract, defendant agreed to pay the $1,500 balance in twenty-four monthly installments. In May, 1962

144

the tractor was repossessed by the finance company for failure of the defendant to keep up the installment payments. At the time it was repossessed the truck had no motor or radiator. During the time the tractor was in the possession of defendant the plaintiff received no complaint concerning any defects in the tractor. Later the tractor was sold for $600. Defendant did not receive notice of the sale of the tractor or of the amount of the sale price. After giving credit for the sale price there remained a deficiency in favor of the plaintiff amounting to $973.75.

Plaintiff brought this action to recover such deficiency. Defendant denied liability on two grounds, viz. (1) That plaintiff breached its warranty as to the condition of the tractor and (2) That plaintiff failed to comply with the requirements of the Illinois Retail Installment Sales Act as the same pertains to resale after repossession and thereby waived any deficiency. A trial by the court without a jury resulted in a judgment in favor of defendant. The grounds upon which plaintiff urges reversal are (1) That there is no implied warranty on the sale of a used motor vehicle and (2) That the purchase and sale of the tractor in question is excluded from the provisions of the Illinois Installment Sales Act. The defendant has filed no brief in this court.

There is a statement in plaintiff's brief to the effect that at the time of entering judgment the trial court advised counsel by letter that in deciding the case it had ignored the defense of breach of warranty, but found for defendant because plaintiff failed to give notice of the time and place of resale as provided in the Retail Installment Sales Act, thereby waiving its claim for deficiency. Since there is no evidence in the record to support the breach of warranty alleged by defendant, we have no reason to question the accuracy of such statement. Accordingly on this appeal

145

we are concerned solely with the question whether plaintiff waived its claimed deficiency by selling the tractor without notice to defendant.

The Retail Installment Sales Act provides that a retail installment contract means and includes:

"Any agreement, negotiated or entered into in this state, including a chattel mortgage, conditional sale contract, or any other form of instrument evidencing an agreement to purchase goods for delivery to a person residing in the State of Illinois, *other than for a commercial or business use* or for the purpose of resale, by payment of the purchase price in two or more installments over a period of time and pursuant to which title to, or a lien upon the goods, which are the subject matter of the sale, is retained or taken by the seller as security, in whole or in part, for the buyer's obligation." (Emphasis ours.) Par 223 Sec 1, Chap 121½, Illinois Revised Statutes, 1961.

Section 23 of the Act provides that where the goods are retaken pursuant to an installment contract and are resold, the holder of the contract shall give the buyer 10 days notice of the time and place of the sale. The evidence shows that the property which was the subject matter of the installment contract between the parties in this case was a large tractor used for pulling semi-trailers. Obviously it was used for a commercial or business purpose, and there is no proof that it was purchased or used for any other purpose.

Since the sale of the tractor was expressly excluded from the provisions of the Retail Installment Sales Act, the plaintiff did not waive its right to a deficiency by failing to give defendant notice of its resale.

The conditional sales contract which defendant signed provided that if there was a default in any payment, the plaintiff might take immediate posses-

sion of the tractor and resell the same with or without notice to defendant, and in case of a deficiency, the defendant should pay the same. That plaintiff proceeded in accordance with the terms of the sales contract is not disputed. Since the procedure followed by plaintiff was fully authorized by the contract, judgment should have been entered in favor of the plaintiff for the amount of the deficiency. Accordingly the judgment of the County Court of Winnebago County is reversed, and judgment in favor of the plaintiff in the amount of $973.75 is entered here.

Reversed and judgment here.

ABRAHAMSON, P. J. and MORAN, J., concur.