The Northern Trust Company, Plaintiff-Appellee, v. Sell Kuykendall, Defendant-Appellant.

(No. 54861;

First District—June 30, 1971.

Ron Fritsch, of Chicago, for appellant.

Thomas D. Donnelly, Jr., of Chicago, for appellee.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

Plaintiff, The Northern Trust Company, brought an action as holder of a retail installment contract to recover a deficiency balance alleged to

be due from defendant-buyer, Sell Kuykendall, after the repossession and resale of an automobile. A bench trial was held which resulted in a finding for the plaintiff-holder against the defendant-buyer, who appeals from the judgment entered against him. The issues presented for review are (1) whether the holder violated the Retail Installment Sales Act in its dealings with the buyer and (2) whether the holder may recover a deficiency if in fact it violated certain provisions of the Retail Installment Sales Act. A brief statement of the facts follows.

On October 11, 1966, defendant Sell Kuykendall (hereinafter "the buyer") executed a retail installment contract for the purchase of a used 1962 Ford automobile for $1,450.80. On the same date, The Northern Trust Company (hereinafter "the holder") purchased the contract from the seller. The buyer failed to make several installment payments and as a result the holder repossessed the automobile in September of 1967. The holder resold the automobile on October 6, 1967, for $500.00. The net deficiency established by the holder was $687.47.

On May 28, 1968, the holder filed a complaint against the buyer and on May 29, 1968, obtained a judgment by confession against the buyer for $788.71, which was the deficiency of $687.47 plus attorney fees in the amount of $101.24. On July 17, 1968, the judgment was opened and the buyer filed his answer. On November 7, 1969, the cause was tried before the court without a jury and the court found for the holder and confirmed the judgment against the buyer. On December 8, 1969, the buyer filed his notice of appeal from the judgment entered on May 29, 1968 and the order entered on November 7, 1969.

At the trial on November 7, 1969, the evidence of the holder was as follows: The holder mailed a notice of sale to the buyer at 3525 West Monroe Street in Chicago, Illinois, via registered mail. The notice was returned to the holder "unclaimed". The address for the buyer appearing on the retail installment contract was 3525 West Monroe Street. However, a "personal loans ledger" admitted in evidence for the holder with the last entry thereon dated October 17, 1967, set forth the buyer's address as 3537 West Madison Street in Chicago, Illinois. The date set forth in the notice of sale was September 28, 1967, but it was not sold until 7 or 8 days later because there were no buyers for the automobile on September 28, 1967.

Upon cross-examination, the holder's sole witness testified as follows: He did not know when the holder acquired the address, 3537 West Madison Street, for the buyer. The notice of sale was mailed out by an employee of the holder on September 18, 1967. The automobile was sold on October 6, 1967.

The buyer's evidence was that the buyer moved from 3525 West Mon-

roe Street to 3537 West Madison Street in March of 1967. In that same month, the buyer informed the holder that he had moved to the new address. The buyer's three payments after March 1, 1967, were mailed to the holder in envelopes with the buyer's new return address set forth thereon.

The Retail Installment Sales Act, Sections 23 and 25 (1965 Ill. Rev. Stat., ch. 121-½, par. 247 and 249) provides:

247. § 23 Resale.) "If the holder retakes the goods pursuant to Section 22 or if the buyer fails to exercise his right of redemption pursuant to Section 22a the holder may retain the goods or at his election resell the goods at public sale in the state where they were at the time of the retaking. *The holder shall give to the buyer, 10 days written notice of the time and place of the sale by registered or certified mail addressed to the buyer at his last known place of residence.* The seller shall also give notice of the sale by posting a copy of the notice at the place where the goods are located at least 3 days prior to the sale. If the holder does not resell the goods within a reasonable time after retaking, he shall be deemed to have elected to retain the goods and release the buyer from any further obligations under the contract." (Emphasis ours.)

249. § 25 Deficiency on resale.) "If the proceeds of the resale are not sufficient to defray the expenses thereof, and also the expenses of retaking, keeping and storing the goods to which the holder may be entitled and the balance due upon the purchase price, the holder may recover the deficiency from the buyer, or from any one who has succeeded to the obligations of the buyer * * *."

The evidence reveals that the holder did not give the buyer "ten days written notice of the time and place of the sale by registered or certified mail addressed to the buyer *at his last known place of residence*", contrary to Section 23 of the Retail Installment Sales Act. The holder mailed the Notice of Sale to the buyer on September 18, 1967, at 3525 West Monroe Street, the address set forth in the retail installment contract dated October 11, 1966.

■■ Plaintiff-holder's Exhibit # 2, a "personal loans ledger" with the last entry dated October 17, 1967, shows the address of the buyer to be 3537 West Madison Street. The holder's sole witness did not know when the holder acquired the 3537 West Madison Street address for the buyer. The uncontradicted testimony of the buyer was that he moved from 3525 West Monroe Street to 3537 West Madison Street in March of 1967 and that after March 1, 1967, he mailed his payments to the holder in envelopes with his new return address set forth thereon. The evidence

reveals that the Monroe Street address was not the buyer's "last known place of residence." We are not persuaded by the holder's contention that "a reasonable man would certainly do more to communicate the change of address to a large banking institution than merely make a change of sender's address on a couple of monthly remittance envelopes." We find that the holder did not comply with Section 23 of the Retail Installment Sales Act.

We now turn to the issue of whether the holder may recover the deficiency even though it failed to comply with the resale requirements in Section 23 of the Retail Installment Sales Act. Our research uncovers two cases relevant to that issue. In *Gauntt v. Ivie* (1961), 29 Ill.App.2d 186, 194, 172 N.E.2d 366, the seller repossessed hearing aids sold under a conditional sales contract. This court held that since the seller made no attempt to resell the aids in compliance with the Statute, the seller could not recover the unpaid balance due from the buyer.

In *Dean Powers Co. v. Adams* (1964), 46 Ill.App.2d 144, 146, 196 N.E.2d 499, this court found that the seller did not waive its right to a deficiency by failing to give the buyer notice of resale since the subject of the installment purchase contract, a used truck tractor, would be used "for a commercial or business use." Such a use is specifically excluded from the statutory provision requisite of notice and stands as an exception to the notice requirement. In accordance with these cases, we find that Section 23 prohibits the recovery of a deficiency balance where repossessed goods not deemed to be used for a commercial or business use have not been resold in accordance with the requirements of Section 23.

Section 23 states that "the holder may retain the goods or at his election resell the goods at public sale in the state where they were at the time of the retaking." This sentence allows for no alternative other than (1) retention or (2) resale at a public sale in the proper state. The Statute makes it clear that an improper resale is the same as retention: "If the holder does not resell the goods within a reasonable time after retaking, he shall be deemed to have elected to retain the goods * * *." That such a retention precludes the holder from recovering a deficiency balance follows from the last sentence of the Section: "he shall be deemed to have elected to retain the goods and release the buyer from any further obligations under the contract." Section 25 provides that the holder may recover a deficiency from the buyer "if the proceeds of the resale are not sufficient to defray the expenses thereof * * *." This section allows the holder to recover a deficiency only if the proceeds of the *resale* are not sufficient. "The resale" referred to can only be a proper resale, conducted in accordance with Section 23.

■■ Such a resale was not conducted in this case. Accordingly, the plaintiff-holder waived his right to the deficiency. The judgment of the Circuit Court of Cook County in favor of the plaintiff-holder, The Northern Trust Company, is hereby reversed as to the deficiency.

Judgment reversed.

BURMAN and DIERINGER, JJ., concur.