SEARS BANK & TRUST COMPANY, Plaintiff-Appellee, *v.* LINCOLN SCOTT, Defendant-Appellant.

(No. 60889; )

First District (5th Division)—June 13, 1975.

Charles A. Linn, of Chicago, for appellant.

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago (John F. McClure and Edward J. Kahn, of counsel), for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal by defendant from the denial of his motion to vacate a judgment entered by confession. His alternative motion to open the judgment pursuant to Supreme Court Rule 276 (Ill. Rev. Stat. 1973, ch. 110A, par. 276) was also denied.[1] On appeal, he asserts error in the denial of his motion to vacate inasmuch as he contends that the original judgment was void. All parties agree that the motion is untimely if the original judgment entered was merely voidable, since the motion was made some 6 years after the entry of the judgment, and section 72 of the Civil Practice Act explicitly provides that, absent fraud, motion to vacate must be brought within 2 years of the entry of the judgment (Ill. Rev. Stat. 1973, ch. 110, par. 72(3)); however, a void judgment may be attacked at any time. (Ill. Rev. Stat. 1973, ch. 110, par. 72(6); *Cherin v. R. & C. Co.*, 11 Ill.2d 447, 453, 143 N.E.2d 235.) Thus, the only issue presented is whether the judgment attached is void.

On January 11, 1965, defendant signed a retail installment sales contract to purchase an automobile. The contract listed the various credits to defendant and the seller with a time price balance of $3,888 to be paid in 36 monthly installments of $108. Among the clauses in the contract was the warrant of attorney, as follows:

"Further to secure the payment of any indebtedness hereunder, the undersigned, being the Buyer or Buyers herein, hereby jointly and severally irrevocably authorize any attorney of any Court of Record to appear for the undersigned, or any of them, in such

---

[1] Defendant has abandoned here his claim under Rule 276, conceding that his affidavit attached to his motion would not present a sufficient showing of due diligence as required by that Rule.

Court at any time hereafter, in term time or vacation, and to confess judgment witthout process against them, or any one or more of them, jointly or severally, in favor of the holder hereof, for such sum as may appear to be unpaid and owing hereon, together with costs and reasonable attorney's fees and to waive and release all errors which may intervene in such proceeding, and consent to immediate execution upon such judgment or judgments, hereby ratifying and confirming all that said attorney may do by virtue hereof, and further agree that the confession of any such judgment against any one or more, but less than all, of the undersigned shall not preclude the confession of judgment against any other of the undersigned."

This contract was assigned to plaintiff, to whom defendant then made payments. When defendant defaulted, plaintiff repossessed the automobile and sold it to satisfy the amount due on the contract. Plaintiff apparently failed to obtain a price sufficient to liquidate the balance due because, on January 4, 1968, it caused a judgment by confession to be entered against defendant for $919.03, allegedly the balance due on the contract plus attorney's fee. Citation proceedings were commenced against defendant,[2] but the judgment remained unsatisfied.

Some 6 years later, on May 13, 1974, defendant presented a written motion, supported by affidavit, seking to vacate the confessed judgment of January 4, 1968, asserting that the complaint failed to allege either that defendant was notified of any disposition of the automobile or that such disposition was commercially reasonable, as required by the Uniform Commercial Code, and further asserting that, because proof of said notice and of a commercially reasonable disposition would necessitate the introduction of evidence outside the scope of the warrant of attorney, the court lacked jurisdiction to enter the judgment.

OPINION

Defendant first contends that "[t]o be entitled to a deficiency judgment, a secured party must allege and prove compliance with article nine of the Uniform Commercial Code." He cites authority to the effect that, under the Code, deficiency claims will be denied where (1) the secured party fails to show that a commercially reasonable sale of repossessed chattel was conducted; and (2) there is a failure of proof of notice of the intended disposition of the chattel. He further argues that judgment by confession is void where the amount due on the debt can-

---

[2] Defendant admits receipt of notice of the commencement of citation proceedings shortly after the entry of the original judgment.

not be determined solely from the document evidencing the indebtedness.

Defendant contends the requirements of sale should be controlled by the Code. We note that section 9—203(2) thereof (Ill. Rev. Stat. 1965, ch. 26, par. 9—203(2)), in force at the time of the effective date of the contract, provided that:

"A transaction, although subject to this Article, is also subject to * * * 'The Retail Installment Sales Act', approved June 17, 1957, as heretofore or hereafter amended; * * * and in the case of conflict between the provisions of this Article and any such statute, the provisions of such statute control. Failure to comply with any applicable statute has only the effect which is specified therein."

The Retail Installment Sales Act of 1957 (hereafter "RISA") was repealed effective January 1, 1968, but section 33 of the new RISA (Ill. Rev. Stat. 1973, ch. 121½, par. 533) declares that transactions entered into prior to the effective date of the new act (January 1, 1968) are to be governed by the provisions of the former act as though not repealed.

Defendant, in assuming that the provisions of the Code govern, argues that the judgment was void because he was entitled to, but did not receive, notice of sale pursuant to section 9—504(3) of the Code (Ill. Rev. Stat. 1965, ch. 26, par. 9—504(3)),[3] and that there was no proof that the sale was conducted in a commercially reasonable manner as provided in section 9—507(2) (Ill. Rev. Stat. 1965, ch. 26, par. 9—507(2).)[4]

We do not believe the Code governs the circumstances here. We note that section 9—203(2)[5] of the Code (Ill. Rev. Stat. 1965, ch. 26, par.

---

[3] § 9—504(3) provides in pertinent part:
"Disposition of the collateral may be by public or private proceedings * * *. Sale or other disposition may be * * * at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. * * * reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor * * *."

[4] We note that section 9—507(2) provides in pertinent part that:
"The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. If the secured party either sells the collateral in the usual manner in any recognized market therefor or if he sells at the price current in such market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold he has sold in a commercially reasonable manner."

[5] Changed in the 1972 amendments to section 9—203(4).

9—203(2)) provides that its provisions are to apply only if not in conflict with RISA. An examination of that Act indicates that provision is made for a 10-day notice of the time and place of any sale of collateral [6] and, further, for a manner in which the commercial reasonableness of the sale may be contested.[7] In view thereof, we see a conflict between the Code and RISA and, as a result, the provisions of the Code do not apply. (Ill. Rev. Stat. 1965, ch. 26, par. 9—203(2).) Defendant, although contending there is no such conflict, asserts that even if plaintiff was not required by the Code to show a commercially reasonable sale of the automobile, it was, nonetheless, necessary that plaintiff show defendant was given the 10-day notice required by section 23 of RISA.[8] He argues that this could only be accomplished by proof of facts extrinsic to the document involved and that, because this was beyond the scope of the warrant of attorney, the confessed judgment is void. In support of this argument, he relies heavily on *Northern Trust Co. v. Kuykendall,* 133 Ill.App.2d 458, 273 N.E.2d 526. There, an action was brought to recover a deficiency on a retail installment contract after repossession and resale of an automobile. It was established there that the 10-day notice of sale required by section 23 of RISA had been mailed to the buyer's former address even though the holder had been informed of or was charged with knowledge of the buyer's new and correct address. The court held that notice was not given to the buyer "at his last known place of residence," as required by the statute, and that the improper resale would

---

[6] Section 23 of RISA (Ill. Rev. Stat. 1965, ch. 121½, par. 247) provides:
"If the holder retakes the goods pursuant to Section 22 or if the buyer fails to exercise his right of redemption pursuant to Section 22a, the holder may retain the goods or at his election resell the goods at public sale in the state where they were at the time of the retaking. The holder shall give to the buyer 10 days written notice of the time and place of the sale by registered or certified mail addressed to the buyer at his last known place of residence."

[7] We note that section 25 of RISA (Ill. Rev. Stat. 1965, ch. 121½, par. 249), entitled "Deficiency on Resale," states:
"If the proceeds of the resale are not sufficient to defray the expenses thereof, and also the expenses of retaking, keeping and storing the goods to which the holder may be entitled and the balance due upon the purchase price, the holder may recover the deficiency from the buyer, or from any one who has succeeded to the obligations of the buyer. The buyer may have the reasonableness of the expense of retaking, keeping and storing the goods and the reasonable value of the goods at the time of resale determined in any action or proceeding brought by the holder to recover the deficiency, the resale price being prima facie but not conclusive evidence of such reasonable value. The reasonable value as determined, or the resale price, which ever shall be higher, shall be credited to the buyer on account of his indebtedness."

[8] See footnote 6 on page 4.

be deemed the same as a retention of the goods, prohibiting the recovery of any deficiency.

In light of the above, defendant contends here that no deficiency would be due unless proof of notice in compliance with section 23 was given. Such proof, he argues, was beyond the scope of the warrant of attorney and, if no proof of notice was made, plaintiff would be deemed to have retained the automobile, thereby precluding a valid confession of judgment.

We note that the record before us contains no indication as to the proceedings of January 4, 1968, other than the complaint, contract and judgment order. Where a court of general jurisdiction receives confession of a judgment, it will be presumed that it heard evidence sufficient to support its judgment, and such evidence need not be preserved in the record. (*Osgood v. Blackmore*, 59 Ill. 261; 23 I.L.P. *Judgments* § 41.) Thus, in *Bush v. Hanson*, 70 Ill. 480, judgment by confession was entered on a note which bore the date of September 8, 1871, and was payable 6 months after date. It was accompanied by a warrant of attorney of the same date, executed by the maker of the note, authorizing the entry of his appearance and the confession of judgment against him at any time after the date of the warrant. On September 30, 1871, judgment was confessed against the maker. A motion to vacate was made June 4, 1873, on the ground that confession of judgment was controlled by a statute requiring that, before its entry, plaintiff should prove that at the time of execution of the power of attorney the party authorizing the warrant was informed and knew that its meaning was to permit the entry of a judgment on the note before its due date. Absent this proof, it was argued, the court was without jurisdiction to render the judgment. The *Bush* court, relying on *Osgood v. Blackmore*, held that it had jurisdiction pursuant to the warrant of attorney, accompanying proof of its validity and the *cognovit* or acknowledgment entered in accordance therewith, and that, if it erred, it was not for want of jurisdiction but only in the exercise of its jurisdiction. It states at pages 482-483:

"It appears, from the judgment order, that a declaration, the warrant of attorney, and affidavit of its execution, the note and *cognovit* by the attorney authorized, were filed. The defendant in the judgment was before the court by appearance by his duly authorized attorney. A case of jurisdiction was then presented. There was enough to set the court in motion to hear and determine. If thereupon the court proceeded, and, in the rendering of its judgment, acted without sufficient evidence, without the oral testimony, required by the statute, having been produced, a

case would be presented, not of want of jurisdiction, but one only of error in the exercise of jurisdiction. The production of the requisite evidence to authorize the judgment, was not a jurisdictional fact, where the court had before acquired the right to proceed to hear testimony and determine in the case.

A warrant of attorney to confess judgment, is a familiar common law security. The entry of judgment by *cognovit* thereunder, is a proceeding according to the course of the common law, which courts have ever entertained, in the ordinary exercise of their authority as courts of general jurisdiction. The fact that the statute has regulated the mode of procedure, does not convert the proceeding into one of such a special statutory character, that the same presumptions do not obtain as in the case of ordinary judgments of superior courts of general jurisdiction. The point was directly so ruled in the case of *Osgood v. Blackmore*, 59 Ill. 261. The judgment there, was one by confession, on a note due thirty days after written notice, by virtue of a warrant of attorney, which authorized a confession of judgment after the maturity of the note.

It did not appear, by the record, that the notice had been given to render the note due. It was held, that it must be presumed, in favor of a judgment of a superior court, that evidence was heard that the required written notice had been given to render the note due."

Likewise, in *Austin v. Austin*, 43 Ill.App. 488, a judgment by confession had been obtained on a note dated December 7, 1887, payable 4 months after date, with a warrant of attorney authorizing any attorney to appear at any time thereafter and confess a judgment for such amount as might appear to be due and unpaid thereon. Confession of judgment was rendered about 2 months prior to the due date, and garnishment proceedings were commenced to collect the amount unpaid. The objection was made that the confession of judgment was void, to which the court answers as follows, at page 491-492:

"The warrant of attorney under which this judgment was confessed, authorized an entry of the appearance of the defendants at any time after the making of the power, and further authorized a confession of judgment for such amount as might appear to be due and unpaid. What did appear to be due and unpaid? If we look alone at the note, nothing was due, as it bears date December 7, 1887, is payable four months after date, and judgment was entered thereon on the 16th day of February, 1888; but the judgment was entered by leave of court, in term time; and it is there-

fore in the absence of anything appearing to the contrary, to be presumed that it was duly made to appear to the court that the sum for which judgment was entered was then due. This presumption finds support in the fact that upon this note for $800, judgment was entered for only $259.39. It was perfectly competent for the makers of this note at any time after its execution to have agreed with its holder that it should become due in one or two months from its date. Where a court of superior general jurisdiction has proceeded to adjudicate and to decree in a matter before it, all reasonable intendments will be indulged in favor of its jurisdiction."

■■ So also here there is no question but that the warrant of attorney authorized the appearance of the defendant. This act gave the court personal jurisdiction over the defendant. The court having jurisdiction, the error, if any, was in the exercise of jurisdiction which would, at most, render its judgment voidable and not void. (*Bush; Osgood.*) The cases cited by defendant are distinguishable in that each addressed the validity of the warrant of attorney to enter defendant's appearance. In *Grundy County National Bank v. Westfall,* 49 Ill.2d 498, 275 N.E.2d 374, the warrant was held to be legally insufficient in that the document granting the warrant of attorney was uncertain and indefinite, because portions of the document relating to the amount of the indebtedness involved and other significant matters were left blank at the time of the signing of the instrument. Thus, the court held that no authority to enter an appearance was created by that document. Likewise, in *Weber v. Powers,* 213 Ill.370, a lease was entered into for a 23-month period. The lease contained a warrant of attorney to confess judgment for any rents due. The period of the lease expired but the tenant held over for a period of 5 months, and a judgment of confession was entered for rents accruing during that period. The court held that the warrant of attorney expired with the lease. In arriving at its decision, the court states at pages 380-381:

> "It is the settled doctrine of this court, that the authority to confess a judgment without process must be clear and explicit, and must be strictly pursued; and that, *if there is no power to enter the appearance of the debtor* and confess the judgment, such judgment is a nullity, and binds no one, and may be attacked collaterally for want of jurisdiction in the court to render it." (Emphasis added.)

Thus, even assuming that no proof of the commercial reasonableness of the sale was presented nor any evidence of notification or, alternatively, that the attorney acknowledged receipt of notice and the reason-

ableness of the sale—acts allegedly beyond his warrant of attorney, we are of the opinion that such failings would only make the judgment entered voidable. The court had jurisdiction of the person and subject matter and therefore its judgment was not void.

■■■ Defendant further argues that the judgment entered was not for a certain and liquidated amount. We note that this argument was not presented in the motion to vacate and, because it is being raised for the first time here, we ordinarily would not consider it. (*Pease v. Kendall*, 391 Ill. 193, 63 N.E.2d 2; 2 I.L.P. *Appeal & Error* § 631.) Nonetheless, we note briefly that the instrument as written established a definite sum owed and thus set a limit on the authority conferred. The judgment entered was within that limitation and therefore, we believe, valid. An objection to the liquidity of the sum to be confessed must be addressed to the validity of the warrant to enter the defendant's appearance as created in the original document. As discussed above, if the document establishes no certain and liquidated amount for which judgment may be confessed, then the warrant of attorney is defective and no power to enter defendant's appearance is conferred. (See, *e.g.*, *Grundy County National Bank v. Westfall*.) In that event, the court would have no personal jurisdiction, and any judgment entered would be void. Here, however, there was a sum certain established at the creation of the instrument, and the warrant authorized entry of defendant's appearance and judgment against him for that amount or any lesser amount which a court may find due. As stated in *Stead v. Craine*, 256 Ill.App. 445, 449:

> "If the court erred in fixing the amount of the judgment, such error would not affect the jurisdiction of the court * * *."

For the reasons stated, we conclude the denial of the motion to vacate was proper, and we affirm that judgment.

Affirmed.

DRUCKER and LORENZ, JJ., concur.