STATE NATIONAL BANK, Plaintiff-Appellee, *v.* EARL D. EPSTEEN, Defendant-Appellant.

First District (1st Division)   No. 76-1660

Opinion filed April 10, 1978.

Howard C. Emmerman, of Chicago (Rudnick & Wolfe, of counsel), for appellant.

Robert E. Pfaff, of Jenner & Block, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, State National Bank, the beneficiary of a "Limited Continuing Guaranty and Security Agreement" (hereinafter referred to as agreement), brought this action to confess judgment against the signator thereof, defendant Earl Epsteen. Pursuant to plaintiff's complaint, the trial court entered judgment by confession against the defendant on November 17, 1976, in the amount of $71,483.35. On December 8, 1976, defendant filed a special appearance and motion to vacate the above judgment. Defendant challenged the jurisdiction of the court under the warrant of attorney under which the judgment was entered and attacked the judgment as void. After a hearing, the trial court found that it had jurisdiction over the defendant by reason of the warrant of attorney in the

agreement and denied defendant's motion. It is from that order that defendant now appeals.

The sole issue presented for review is whether the warrant of attorney contained in the agreement was legally sufficient to confer jurisdiction on the trial court to enter a judgment by confession against the defendant.

We reverse and remand.

The Limited Continuing Guaranty and Security Agreement upon which plaintiff based his complaint reads, in relevant part, as follows:

"The undersigned hereby unconditionally and absolutely guarantee(s) the prompt payment at maturity, whether by acceleration, demand or otherwise, and at all times thereafter of any and all indebtedness not in excess of the aggregate principal sum of . . . ($120,000.) and the interest thereon, upon which Debtor is now or hereafter may become obligated to you, either as principal, guarantor, indorser, or in any other capacity, and whether such indebtedness is direct or indirect, including, without limiting the foregoing, all indebtedness of whatsoever kind, arising out of or in connection with notes, drafts, bonds, commercial paper and evidence of indebtedness of whatsoever kind, now or hereafter made, indorsed, guaranteed or deposited by Debtor which may now or hereafter be held, owned, discounted, or negotiated by you. In addition, the undersigned agrees to pay all costs, expenses and reasonable attorneys fees at any time paid or incurred by you in endeavoring to collect such indebtedness and in enforcing this guaranty."

The agreement concluded with the following cognovit clause:

"The undersigned irrevocably authorize(s) any attorney of any court of record to appear in such court at any time after maturity of any indebtedness hereby guaranteed, whether by acceleration, demand, or otherwise, and confess judgment without process against the undersigned in your favor for such amount as may be unpaid and owing together with interest, costs and reasonable attorneys fees, and to consent to immediate execution upon such judgment."

■■ Defendant's sole contention is that the warrant of attorney was legally insufficient to confer jurisdiction over the defendant and that the judgment entered by the trial court is thus void. The general rule relating to the validity of the power to confess judgment are well established. The power to confess a judgment must be clear and explicit and will be strictly construed and followed. (*Wells v. George W. Durst Chevrolet Co.* (1930), 341 Ill. 108, 173 N.E. 92; *Wolf v. Gaines* (1961), 33 Ill. App. 2d 428, 179 N.E.2d 466.) The extent of the liability undertaken must be ascertainable from the face of the instrument in which the warrant is

granted and not in confession of a fact that can be established only by testimony outside of the written instrument. (*Weber v. Powers* (1904), 213 Ill. 370, 72 N.E. 1070.) As we stated in *Brown v. Atwood* (1922), 224 Ill. App. 77, 80 (quoting from *Little v. Dyer* (1891), 138 Ill. 272, 27 N.E. 905): "There can be no valid warrant of attorney to confess judgment against the donor of the power where the amount of judgment is not fixed in the power." If the extent of liability can be established only by evidence *dehors* the instrument granting the power, the power to confess judgment is invalid and any judgment entered under the warrant is void. *Grundy County National Bank v. Westfall* (1971), 49 Ill. 2d 498, 275 N.E.2d 374.

Defendant contends that the instant case is on all fours with *Grundy County National Bank.* The supreme court gave the following description of the instrument under consideration in *Grundy*:

> "Here the instrument guaranteed full and prompt payment by the defendant to plaintiff of 'any and all indebtedness, liabilities and obligations of every nature and kind of said Debtor to said Bank, and every balance and part thereof, whether now owing or due, or which may hereafter, from time to time, be owing or due, and howsoever heretofore or hereafter created or arising or evidenced to the extent of * * *.' In the blank space $50,000 had been written so that at the time the judgment was entered it read 'to the extent of $50,000.' The sweeping guaranty, which was not even limited to loans from the plaintiff to John Westfall, contained the authorization to confess judgment against the defendant in the following terms: 'At any time after date hereof, to further secure the payment of said indebtedness, the undersigned hereby authorizes irrevocably any attorney of any court of record to enter the appearance of the undersigned in such court in term time or vacation, to waive service of process and to confess judgment in favor of said Bank * * * together with costs of suit and reasonable attorney's fees to be included therewith * * *.' " (49 Ill. 2d 498, 501-02, 275 N.E.2d 374, 376.)

Reasoning that the warrant of attorney appearing in the guaranty was uncertain and indefinite and required resort to evidence *dehors* the instrument in order to determine the extent of liability, the supreme court held that the trial court was without jurisdiction to enter that judgment and vacated the order.

The instant agreement is comparable to that in *Grundy National Bank.* Each contains a guaranty of payment of "any and all" indebtedness and the warrant of attorney in each instrument is of such sums due thereunder. Although each instrument contained a ceiling amount neither instrument referred to any certain or liquidated amount for which judgment could be confessed. In both *Grundy* and the instant case, in order to establish any

indebtedness and the amount thereof, the court of necessity had to go *de hors* the instrument.

Plaintiff relies on *Sears Bank & Trust Co. v. Scott* (1975), 29 Ill. App. 3d 1002, 331 N.E.2d 607. In *Scott* the defendant signed a retail installment sales contract to purchase an automobile. The contract listed the various credits to defendant and the seller with a time price balance of $3,888 to be paid in 36 monthly installments of $108. The warrant of attorney in *Scott* authorized any attorney to appear for the defendant and to confess judgment "for such sum as may appear to be unpaid and owing [on the instrument]." (29 Ill. App. 3d 1002, 1004.) The court in *Scott*, citing *Grundy*, acknowledged that "if the document establishes no certain and liquidated amount for which judgment may be confessed, then the warrant of attorney is defective and no power to enter defendant's appearance is conferred." (29 Ill. App. 3d 1002, 1010, 331 N.E.2d 607, 613.) The court in *Scott*, however, distinguished *Grundy* and reasoned that the document in *Scott* established a sum certain at the creation of the instrument and that the warrant authorized entry of defendant's appearance and judgment against him for that amount or any lesser amount which a court may find due. The instant instrument, unlike that in *Scott*, established no certain and liquidated amount at the creation of the instrument. It is true that the instant argument contains a ceiling amount of $120,000 of possible liability which may arise from future dealings. However, even considering this ceiling amount, any certain liquidated amount due and owing can be established only by resort to documents *dehors* the instrument. Indeed, to establish any indebtedness whatsoever a consideration of documents *dehors* the instrument is necessary.

■■ For the above reasons, we find that the warrant of attorney under which judgment was confessed is legally insufficient and that the judgment by confession was thus improperly entered. As a result the circuit court was without jurisdiction to enter the judgment and the judgment is void. (See *Grundy National Bank v. Westfall* (1971), 49 Ill. 2d 498, 275 N.E.2d 374.) We thus reverse the trial court's order denying defendant's motion to vacate the judgment and remand the cause for further proceedings consistent with the views expressed in this opinion.

Order reversed; cause remanded.

GOLDBERG, P. J. and O'CONNOR, J., concur.