# Illinois Official Reports

## Appellate Court

---

### *Cole v. Davis*, 2016 IL App (1st) 152716

---

| | |
|---|---|
| Appellate Court Caption | FRANKLIN A. COLE, as Trustee or Representative of the Franklin A. Cole IRA-PEN, Bank One N.A. Account No. 262093-1000, Plaintiff-Appellant, v. ALLISON S. DAVIS; GALLERY PARK PLACE, LLC; DAVIS GROUP V; DAVIS GROUP, LLC; ALL CHICAGO, LLC; NEW KENWOOD, LLC; and AMERICAN HOUSING, LLC, Defendants-Appellees. |
| District & No. | First District, Fifth Division<br>Docket No. 1-15-2716 |
| Filed | August 26, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2014-L-050986; the Hon. Brigid Mary McGrath, Judge, presiding. |
| Judgment | Certified question answered. |
| Counsel on Appeal | Paul E. Peldyak and Charles A. Brizzolara, both of Chicago, for appellant.<br><br>Arnold H. Landis, of Chicago, for appellees. |
| Panel | JUSTICE GORDON delivered the judgment of the court, with opinion.<br>Justices Lampkin and Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1 The present interlocutory appeal arises out of defendants' alleged default on a promissory note. The parties entered into an agreement under the promissory note (the note) on November 17, 2000, by which defendants agreed to pay plaintiff, by December 15, 2000, the principal sum of $100,000 with interest accruing at the publicly announced prime rate of Bank One, N.A. The note contains a confession of judgment clause, which authorizes any attorney to confess judgment on behalf of defendants for the amount outstanding at any time after the payment's due date. After defendants allegedly failed to pay off the principal and interest to plaintiff by the due date, plaintiff filed a confession of judgment suit on December 24, 2014.

¶ 2 On January 7, 2015, the trial court entered judgment in favor of plaintiff for $153,453.97 and costs of suit. Thereafter, defendants filed a motion to vacate and/or open the judgment, arguing that the confession of judgment clause in the note was invalid because it contained a variable interest rate. The trial court granted defendants' motion. Plaintiff then filed a motion to certify a question under Illinois Supreme Court Rule 308 (eff. Jan. 1, 2015), arguing that Illinois courts have not addressed whether or not a confession of judgment clause is invalid where it contains a definite principal and a variable interest rate. Plaintiff further argued that section 3-112 of the Uniform Commercial Code (UCC) (810 ILCS 5/3-112 (West 2000)) expressly authorizes the use of a variable interest rate in instruments like the promissory note in question. The trial court granted plaintiff's motion, and we granted the appeal. For the following reasons, we answer the certified question in the affirmative.

¶ 3 BACKGROUND

¶ 4 Plaintiff filed a complaint against defendants on December 24, 2014. The complaint alleges that on or about November 17, 2000, defendants made and delivered the note to plaintiff. The complaint attaches a copy of the note, which is dated November 17, 2000. The note heading specifies that it is for $100,000 and designates the location as Chicago, Illinois. The body of the note provides:

"For value received, the Undersigned, and each of them, jointly and severally, promise to pay to the order of [plaintiff], Chicago, Illinois, the principal sum of $100,000. The principal sum shall bear interest at the rate of the publicly announced prime rate of BANK ONE, N.A. (which is not intended to be the lowest or most favorable rate at any one time) in effect from time to time (the 'Prime Rate'), which rate of interest shall increase or decrease in a total amount equal to the amount by which the publicly announced Prime Rate of said bank is increased or decreased from time to time. Each change in the interest rate hereon shall take effect on the effective date of the change in the Prime Rate. Holder shall not be obligated to give notice of any change in the Prime Rate. The Prime Rate shall be computed on the basis of a year consisting of 360-days and shall be paid for the actual number of days elapsed from the date principal or part thereof is drawn down, the Undersigned shall give Holder 24 hours written notice of intention to draw on the principal sum. This note may be prepaid at anytime without penalty. The Undersigned shall remit to Holder the outstanding principal sum and interest on December 15, 2000.

Any amount of the principal hereof which is not paid when due whether at stated maturity, by acceleration, or otherwise, shall bear interest payable on demand at an

interest rate equal at all times to two per cent (2%) [being 200 base points] above the applicable rate in effect on this note at such maturity. All payments hereunder shall be applied first to interest on the unpaid balance at the rate herein specified and then to the principal.

All amounts outstanding under this note shall become immediately due and payable, at the option of Holder hereof, without any demand or notice whatsoever, in the event that the Undersigned or any of them be the subject of any assignment for the benefit or creditors of, or the commencement of any bankruptcy, receivership, insolvency, reorganization, dissolution or liquidation proceedings by or against any of them, or in the event that The Neighborhood Rejuvenation Partnership, L.P., an Illinois limited partnership ('the Fund'), has not received firm commitments from investors of at least $17,000,000, and in respect of which there has been a closing, as that term is defined in the agreement of limited partnership in respect of the Fund, or is for any reason deprived of or surrenders its rights to build under existing authorities or its tax and zoning status, or if Gallery Park Place LLC ceases to be a functional part of and beneficiary of the Fund and its operations.

Advances of principal under this note will be made by Holder only upon 24 hours notice to Holder at his place of business in Chicago, Illinois.

All advances made by the Holder and all payments made by the Undersigned on account of the unpaid principal amount hereof, shall be recorded on the grid attached hereto. The Undersigned and each of them agrees that in any section or proceeding instituted to collect or enforce collection of this note, the amount endorsed on the reverse side of the note at that time shall be prima-facie evidence of the unpaid principal balance of this note. This note shall be governed by and construed under the law of the State of Illinois in all respects.

The Undersigned and each of them irrevocably authorizes any attorney of any court of record to appear for it in term time or vacation, at any time and from time to time after payment is due hereof, whether by acceleration or otherwise, and confess judgment, without process, in favor of holder hereof, for such sum as may appear to be due and unpaid hereon, together with interest, costs, and reasonable attorneys' fees, and to waive and release all errors which may intervene in such proceeding, and consents to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof."

The note contains defendants' signatures.

¶ 5     The complaint further alleges that on June 12, 2001, by which date defendants had not paid their debt under the note, the parties entered into a letter agreement amending the note. The complaint attaches a copy of this letter agreement. The letter agreement is addressed to Allison S. Davis, Esq., and is signed by plaintiff, the sender of the letter agreement. The letter agreement is dated June 12, 2001. The body of the letter agreement provides:

"Reference is made to that certain promissory note dated November 17, 2000, payable December 25, 2000 to Franklin A. Cole, IRA-PEN, Bank One N.A. Account #262093-1000, a copy of which is attached hereto. (The Note).

Though by its term the Note was payable on December 15, 2000, and interest in respect thereof has not been paid, the parties have from time to time agreed to extend the due date and the date for payment of interest so that the Note is not now in default.

In order to assure that payments of principal and interest are made in a timely and manageable fashion the parties agree to amend the terms of The Note as follows:

(1) All accrued interest at the prime rate as charged from time to time by Bank One (the 'prime rate') shall be paid as of May 31, 2001 on the date of the execution of this letter. Thereafter accrued interest shall be paid on June 30, 2001 and at the end of each calendar quarter thereafter at the prime rate as defined in such Note so long as the Note is not in default.

(2) The principal balance of the Note shall be paid in 3 installments, $25,000 on or before September 30, 2001; $25,000 on or before November 30, 2001 and the balance of such note, $50,000 on or before March 31, 2002.

(3) In all other respects the Note shall remain in full force and effect.

If this arrangement is in accordance with your understanding and satisfactory to you, please sign and cause each of the parties noted below to sign this letter at which time it will become a binding amendment to The Note."

The letter agreement contains the signatures of plaintiff and defendants.

¶ 6    The complaint next alleges that defendants failed to pay their debt under the note according to its amended terms and defaulted on it. It alleges that demand for payment was made upon defendants, but they failed to pay. The complaint alleges that plaintiff was the holder and owner of the note and that no part thereof had been paid except the principal sum of $6999.97, and several interest payments aggregating $24,088.07, for which defendants had been credited. The complaint alleges that a schedule of payments that were made and amounts paid is attached to the complaint, although no schedule of payments is attached to the complaint in the record.

¶ 7    The complaint alleges that defendants owe plaintiff the sum of $93,000.03, "with interest at that certain rate of interest announced from time to time as its Prime Rate by Bank One N.A. (and its successor bank, J.P. Morgan Chase N.A.) (the 'Prime Rate'), and after September 30, 2001, the Prime Rate plus 200 basis points (the 'Interest Charge') percent per annum from September 30, 2001 to the present, on the principal outstanding and unpaid." The complaint prays that judgment be entered against defendants "in the sum of $93,000.03 with accrued interest of $59,859.02 computed at the Interest Charge to January 31, 2013, and thereafter until the date of entry of judgment at the per diem interest rate of $13.56 together with attorneys' fees for $500 and costs of suit."

¶ 8    Following the complaint's prayer for judgment is the confession of judgment, which is attached to the complaint. The confession of judgment states that:

"[Defendants], by Robert P. Groszek,[1] their attorney, waive service of process and confess that there is due from [defendants] to [plaintiff] the following:

Principal $100,000.00 less amounts paid: $6,999.97

Balance: $93,000

---

[1]Robert P. Groszek is not defendants' present counsel. The record does not indicate if or when defendants ever retained Groszek.

Interest (to 5/5/14) $66,029.95

Per Diem ($13.56 to 12/9/14 219 days: $2,969.64

Attorneys' Fee: $ 500.00

Total: $162,499.62"

¶ 9 The confession of judgment next provides that "[defendants] agree that judgment may be entered against them for the total of the above and for costs, release and waive all rights as authorized in the warrant of attorney." The confession of judgment contains a signature from John P. Bergin,[2] who is designated as the attorney for defendants.

¶ 10 On January 7, 2015, plaintiff filed "Documents in Support of Entry of Judgment." This filing included an affidavit of Cass D. Scholes of JPMorgan Chase Bank (successor to Bank One, N.A.) with the calculation of amount due. In his affidavit, Scholes averred that he is vice president of JPMorgan Chase Bank (the Bank), N.A, and manager of the loan administration unit, which handled the calculation of interest due on various notes on behalf of the Bank in its custodial or trustee capacity. Scholes confirmed that the Bank was the custodian of the note at issue in the present case. Scholes averred that he performed the calculations of interest and principal due and that as of May 5, 2014, a total of $159,029.98 (the sum of the outstanding principal, $93,000.03, and accumulated interest of $66,029.95) was due under the note. Scholes' affidavit contains his signature and is notarized. A table showing Scholes' calculation of defendants' debt under the note is attached to the January 7, 2015, filing.

¶ 11 On January 7, 2015, the trial court entered judgment on behalf of plaintiff for $153,453.97 and costs of suit.

¶ 12 On January 20, 2015, defendants filed a motion to vacate and/or open the judgment by confession entered on January 7, 2015.[3] In this motion, defendants argued that the judgment for confession should be vacated and/or opened (1) because the power to confess judgment was invalid, insofar as the variable interest rate required consultation of extrinsic evidence to determine the extent of defendants' liability, (2) because there was another action pending between the same parties for the same cause in the same court, (3) because plaintiff waived his right to a judgment by confession, and (4) because plaintiff's authority to file this lawsuit on behalf of the holder of the note was not established.

¶ 13 On February 18, 2015, plaintiff filed a response to defendants' motion to vacate and/or open the judgment. Plaintiff argued that the power to confess judgment is not invalid because

---

[2]John P. Bergin is not defendants' present counsel. The record does not indicate if or when defendants ever retained Bergin.

[3]Although not relevant to the present appeal, defendants' motion claimed that plaintiff originally filed a lawsuit against defendants on February 7, 2013, which plaintiff voluntarily dismissed on December 9, 2014, before filing the present lawsuit. Defendants' motion attached documents from the first lawsuit, including plaintiff's complaint, defendants' answer, plaintiff's amended complaint, defendants' response to plaintiff's motion for summary judgment, and defendants' response to plaintiff's motion to clarify the designation of plaintiff. In his response to defendants' motion to vacate, plaintiff agreed that he voluntarily dismissed this first lawsuit on December 9, 2014. The grounds for dismissing the first lawsuit appear to have been related to defendants' contention that the plaintiff in the first lawsuit was improperly designated. Although defendants raise issues in their appellee brief about whether or not plaintiff is properly designated in the present lawsuit, such issues are not relevant to this appeal, which is solely aimed at answering the question certified for review by the trial court.

of the note's variable interest rate. Plaintiff contended that Illinois courts have only held confessions of judgments invalid for indefinite *principal* amounts, not indefinite amounts of interest. Furthermore, plaintiff argued that section 3-112 of the UCC allows interest in such an instrument to be fixed or variable. Addressing defendants' other arguments, plaintiff countered that there was no other action pending between the parties, that plaintiff had not waived his right to a judgment by confession, and that his authority to file this lawsuit was self-evident from the verified complaint.

¶ 14    In their reply, defendants largely reiterated the same arguments that they made in their motion but additionally introduced a written memorandum decision from a different circuit court case in support of their argument that a variable interest rate invalidates a confession of judgment clause. In that memorandum opinion, the judge found that a confession of judgment clause containing a variable interest rate attainable from the Wall Street Journal Prime Index was impermissible because it required extrinsic evidence to prove the amount for which judgment was authorized.

¶ 15    On May 20, 2015, the trial court granted defendants' motion and opened the January 7, 2015, judgment. The trial court opened the judgment on the basis that "the note contains a variable interest rate requiring evidence de hors the record."

¶ 16    On June 23, 2015, plaintiff filed a motion to certify a question of law under Illinois Supreme Court Rule 308 (eff. Jan. 1, 2015). In his motion, plaintiff argued that prior Illinois case law has not answered the question of whether a confession of judgment containing a definite principal and variable interest rate can be valid. Plaintiff further argued that all relevant Illinois case law precedes the adoption of section 3-112 of the UCC, which condones the use of variable interest rates. As such, plaintiff contended that this issue of first impression warranted an interlocutory appeal under Rule 308. Defendants did not respond to plaintiff's motion.

¶ 17    On September 25, 2015, the trial court granted plaintiff's motion for interlocutory appeal under Rule 308. The trial court certified the following question to this court:

> "Whether a confession of judgment under a note drafted under the Uniform Commercial Code is valid where the note references a variable interest rate and has a definite principal sum?"

On October 1, 2015, plaintiff filed a petition to this court for leave to appeal. This court granted the appeal on November 5, 2015.

¶ 18                                    ANALYSIS

¶ 19    Illinois Supreme Court Rule 308 (eff. Jan. 1, 2015) provides a remedy of permissive appeal from interlocutory orders where the trial court has deemed that they involve a question of law as to which there is substantial ground for difference of opinion and where an immediate appeal from the order may materially advance the ultimate termination of the litigation. We apply a *de novo* standard of review to legal questions presented in an interlocutory appeal brought pursuant to Rule 308. *Simmons v. Homatas*, 236 Ill. 2d 459, 466 (2010). *De novo* consideration means we perform the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011). Additionally, we are limited to the issues raised in the certified questions and will not go beyond those questions to consider other matters. See *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 153 (2007) ("An interlocutory

appeal pursuant to Supreme Court Rule 308 is ordinarily limited to the question certified by the circuit court ***.").

¶ 20 As noted above, the trial court has certified the following question of law: "Whether a confession of judgment under a note drafted under the Uniform Commercial Code is valid where the note references a variable interest rate and has a definite principal sum?" Defendants contend that the confession of judgment clause in the note is void under Illinois case law interpreting section 2-1301(c) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1301(c) (West 2000)), which authorizes confessions of judgment. Plaintiff argues that the note's confession of judgment clause is not inconsistent with Illinois case law and is expressly condoned by section 3-112 of the UCC. We find that the certified question is an issue of first impression in Illinois and that section 3-112 of the UCC dictates the outcome.

¶ 21                    I. Illinois Law on Confessions of Judgment

¶ 22 The power to confess judgment derives from section 2-1301(c) of the Code (735 ILCS 5/2-1301(c) (West 2000)), which provides that "any person for a debt bona fide due may confess judgment by himself or herself or attorney duly authorized, without process." By its terms, the statute does not apply to consumer transactions or to agreements that do not meet certain jurisdictional requirements. 735 ILCS 5/2-1301(c) (West 2000). Neither party argues that the note in question is part of a consumer transaction nor that the statute's jurisdictional requirements are not met. Despite the statute's otherwise open-ended language, Illinois case law views confessions of judgment "circumspectly" and has imposed other limitations on the power to confess judgment. *Grundy County National Bank v. Westfall*, 49 Ill. 2d 498, 500-01 (1971). Accordingly, a review of relevant case law interpreting the power to confess judgment is necessary to establish the precise parameters of the power.

¶ 23 In *Little v. Dyer*, 138 Ill. 272, 281 (1891), the Illinois Supreme Court held that the statutory right[4] to confess judgment does not extend to "uncertain and unliquidated" sums. *Little* involved a lease of real estate. *Little*, 138 Ill. at 278-79. The confession of judgment clause[5] in the lease warranted an attorney "to waive process and service thereof," and "to confess judgment from time to time for any rent which may be then due by the terms of this lease, with costs, and to waive all errors and all right of appeal from any such judgment or judgments." (Emphasis and internal quotation marks omitted.) *Little*, 138 Ill. at 278. Furthermore, the amount owed under the lease would include "so much additional rent" as would accumulate from the lessor's payment of water and gas bills and maintenance of the premises. *Little*, 138 Ill. at 279. The supreme court found that the confession of judgment clause was invalid because the amount owed under the lease could not be ascertained without judicial inquiry. *Little*, 138 Ill. at 279-80.

¶ 24 Importantly, the *Little* court explained the rationale and policy behind limiting the scope of confessions of judgment, and subsequent cases have not elaborated on the explanation offered

---

[4]At the time of *Little*, the confession of judgment statute provided " 'any person, for a debt *bona fide* due, may confess judgment by himself or attorney duly authorized, either in term time or vacation, without process.' " *Little*, 138 Ill. at 277 (quoting Ill. Rev. Stat. 1891, ch. 110, ¶ 66).

[5]Although we refer to clauses in instruments providing for confessions of judgment as "confession of judgment clauses," the case law alternatively refers to such clauses as "warrants of attorney" or "cognovit clauses."

in *Little*. The *Little* court observed that a determination of the unliquidated debt owed under the lease would require a judicial investigation and an evidentiary hearing to ascertain and thus would directly contradict the characteristic of confessions of judgment that they be "without process." *Little*, 138 Ill. at 278. Furthermore, the court stressed that "[i]t would be absurd to contend that such unrestricted power was given to the creditor or his attorney, and a rule such as that would be in the highest degree productive of fraud, and subversive of justice, and would be tantamount to making one of the parties in interest not only both plaintiff and defendant, but court also,—and that, too, in his own cause." (Emphasis omitted.) *Little*, 138 Ill. at 279.

¶ 25    More recent cases have followed and refined the doctrine of *Little*. See *Grundy*, 49 Ill. 2d at 501; see also *State National Bank v. Epsteen*, 59 Ill. App. 3d 233, 234-35 (1978). For instance, in *Grundy*, our supreme court found a confession of judgment clause in a loan guaranty agreement to be legally insufficient where the loan instrument guaranteed payment from the defendant to the plaintiff (a bank) of "any and all indebtedness, liabilities and obligations of every nature and kind of said Debtor to said Bank, and every balance and part thereof, whether now owing or due, or which may hereafter, from time to time, be owing or due, and howsoever heretofore or hereafter created or arising or evidenced to the extent of [blank]." (Internal quotation marks omitted.) *Grundy*, 49 Ill. 2d at 501. The blank space was not filled in at the time the defendant signed the agreement, but was later filled in by the bank for the amount of $50,000. *Grundy*, 49 Ill. 2d at 500-01. The agreement contained a confession of judgment clause authorizing any attorney to confess judgment in favor of the defendant at any time. *Grundy*, 49 Ill. 2d at 501-02. After the bank successfully obtained a confession of judgment in court for the $50,000, the defendant appealed, arguing that the confession of judgment clause was void because the extent of liability could be determined only by evidence outside of the instrument. *Grundy*, 49 Ill. 2d at 500. The court agreed, finding that the instrument "[did] not state the amount which may be confessed nor permit its ascertainment." *Grundy*, 49 Ill. 2d at 502. Accordingly, the confession of judgment clause was void because "[t]he extent of liability [could] be ascertained only by evidence *dehors* the instrument granting the power to confess judgment." *Grundy*, 49 Ill. 2d at 502.

¶ 26    This court found *Grundy* distinguishable in *Sears Bank & Trust Co. v. Scott*, 29 Ill. App. 3d 1002, 1010 (1975). *Scott* involved a sales contract whereby the defendant contracted to purchase an automobile from the plaintiff. *Scott*, 29 Ill. App. 3d at 1003. The contract stated a fixed sum owed and specified that the defendant would pay off the sum in monthly installments. *Scott*, 29 Ill. App. 3d at 1003. The contract authorized confession of judgment for the amount of the fixed sum or for any lesser amount that a court might find due under the contract. *Scott*, 29 Ill. App. 3d at 1003-04. The plaintiff obtained a confession of judgment, and the defendant appealed, arguing that the judgment was impermissibly entered for an uncertain and unliquidated amount. *Scott*, 29 Ill. App. 3d at 1004, 1010. However, this court found that the confession of judgment was valid because "the instrument as written established a definite sum owed and thus set a limit on the authority conferred." *Scott*, 29 Ill. App. 3d at 1010. Because the judgment entered was within the specified limitation, it was valid. *Scott*, 29 Ill. App. 3d at 1010.

¶ 27    This court subsequently found *Grundy* controlling and *Scott* distinguishable in *Epsteen*. *Epsteen*, 59 Ill. App. 3d at 235-36. *Epsteen* involved a "Limited Continuing Guaranty and Security Agreement," in which the defendant guaranteed prompt payment "of any and all indebtedness not in excess of the aggregate principal sum of . . . ($120,000.) and the interest

- 8 -

thereon, upon which [defendant] is now or hereafter may become obligated to you." (Internal quotation marks omitted.) *Epsteen*, 59 Ill. App. 3d at 234. The potential debt under the instrument included "all indebtedness of whatsoever kind" that existed or might arise and contained a confession of judgment clause. (Internal quotation marks omitted.) *Epsteen*, 59 Ill. App. 3d at 234. After the trial court entered judgment for $71,483.35 in favor of the plaintiff, the defendant appealed, and this court vacated the judgment. *Epsteen*, 59 Ill. App. 3d at 233-34. This court found the confession of judgment clause legally insufficient, citing *Grundy* for the proposition that "[i]f the extent of liability can be established only by evidence *dehors* the instrument granting the power, the power to confess judgment is invalid and any judgment entered under the warrant is void." *Epsteen*, 59 Ill. App. 3d at 235.

¶ 28　　　In *Epsteen*, this court distinguished *Scott* as follows:

> "The instant instrument, unlike that in *Scott*, established no certain and liquidated amount at the creation of the instrument. It is true that the instant argument [*sic*] contains a ceiling amount of $120,000 of possible liability which may arise from future dealings. However, even considering this ceiling amount, any certain liquidated amount due and owing can be established only by resort to documents *dehors* the instrument. Indeed, to establish any indebtedness whatsoever a consideration of documents *dehors* the instrument is necessary." *Epsteen*, 59 Ill. App. 3d at 236.

¶ 29　　　Finally, this court found *Grundy* and *Epsteen* distinguishable, and *Scott* analogous, in *Ninow v. Loughnane*, 103 Ill. App. 3d 833, 838 (1981). In *Ninow*, the defendants and the plaintiffs entered into an agreement for the defendants to purchase the plaintiffs' corporation. *Ninow*, 103 Ill. App. 3d at 835. The agreement contained a payment schedule for the defendants to pay off a fixed principal sum at a fixed interest rate. *Ninow*, 103 Ill. App. 3d at 835. The agreement also had a renegotiation provision, which provided that the parties could renegotiate the payment schedule in the event of default "upon good cause shown." *Ninow*, 103 Ill. App. 3d at 836. The agreement contained a standard confession of judgment clause. *Ninow*, 103 Ill. App. 3d at 837. When the defendants defaulted on the agreement, the plaintiffs filed a complaint to confess judgment. *Ninow*, 103 Ill. App. 3d at 835-36. The trial court granted judgment by confession in the plaintiffs' favor. *Ninow*, 103 Ill. App. 3d at 836. On appeal, the defendants argued that the confession of judgment was void because the confession of judgment clause and the renegotiation provisions were inconsistent and thus rendered the extent of their liability unascertainable from the face of the instrument. *Ninow*, 103 Ill. App. 3d at 837-38.

¶ 30　　　This court found that the confession of judgment clause was valid. *Ninow*, 103 Ill. App. 3d at 839. This court distinguished *Grundy* and *Epsteen* on the grounds that the instruments in *Grundy* and *Epsteen* did not "state a liquidated sum for which the signatory was liable at the creation of the instrument. Rather, each set for a ceiling amount for which the signatory could become liable, and for which judgment could be confessed." *Ninow*, 103 Ill. App. 3d at 838. This court found that the agreement was similar to the instrument in *Scott*, insofar as the agreement, like the agreement in *Scott*, "establishe[d] the total amount of defendants' indebtedness to plaintiffs at the time of signature and further contain[ed] a schedule by which such payments [were] to be made." *Ninow*, 103 Ill. App. 3d at 838. Furthermore, this court was not persuaded by the defendants' arguments that the renegotiation provision rendered the extent of their liability indefinite because pursuant to the renegotiation clause the "payment" of

the balance, and not the "amount" of the balance, was subject to renegotiation. *Ninow*, 103 Ill. App. 3d at 838-39.

¶ 31    Based on the foregoing case law, defendants argue that the confession of judgment clause in the case at bar is legally insufficient. Specifically, defendants rely on the language from *Epsteen* that "[if] the extent of the liability can be established only by evidence *dehors* the instrument granting the power, the power to confess judgment is invalid and any judgment entered under the warrant is void." *Epsteen*, 59 Ill. App. 3d at 235. Because defendants' debt under the note requires consultation of the prime rate of Bank One, N.A.—*i.e.*, evidence *dehors* the instrument granting the power—to determine the accrued interest, defendants assert that the confession of judgment clause is necessarily invalid.

¶ 32    For his part, plaintiff argues that Illinois case law has never addressed the exact situation presented by the confession of judgment clause in the present case. Plaintiff contends that the case law has only held confession of judgment clauses to be invalid where the *principal* amount owed was indefinite. Plaintiff argues that the above cases, by contrast, have never addressed the present situation, in which the principal amount is fixed in the instrument but the interest rate is variable. Accordingly, plaintiff concludes that case law to date is distinguishable and that section 3-112 of the UCC is controlling (an argument we address below).

¶ 33    First, the present case is distinguishable from *Grundy* and *Epsteen*. As this court observed in *Ninow*, *Grundy*, and *Epsteen* are similar in that the instrument in both cases did not "state a liquidated sum for which the signatory was liable at the creation of the instrument. Rather, each set for a ceiling amount for which the signatory *could become liable*, and for which judgment could be confessed." (Emphasis added.) *Ninow*, 103 Ill. App. 3d at 838. By contrast, the note in the present case clearly states a liquidated principal amount for which defendants were liable at the creation of the instrument. The only uncertainty regarding the amount owed stems from the amount of interest that would accrue on the fixed principal.

¶ 34    Furthermore, contrary to defendants' assertion, the plain language of *Epsteen* does not render the confession of judgment clause in the note legally insufficient. As noted, *Epsteen* cited *Grundy* for the proposition that "[if] the extent of the liability can be established *only by evidence dehors the instrument granting the power*, the power to confess judgment is invalid and any judgment entered under the warrant is void." (Emphasis added.) *Epsteen*, 59 Ill. App. 3d at 235. On appeal, defendants rely exclusively on this language. However, in both *Grundy* and *Epsteen*, the instruments themselves provided no evidence of any liability whatsoever. Thus, the extent of liability could be established *only* by extrinsic evidence. In the case at bar, the extent of defendants' liability is *primarily* evidenced by the note itself, but requires extrinsic evidence for exact calculation of interest. In other words, the extent of defendants' liability is not calculable *only* by evidence *dehors* the instrument. Accordingly, the above language from *Epsteen* does not invalidate the note's confession of judgment clause.

¶ 35    Second, the rationale and policy for restricting confessions of judgment does not apply in the present case. As noted above, the *Little* court reasoned that a confession of judgment clause that requires an evidentiary hearing and judicial inquiry would contravene the basic characteristic of such clauses that they provide relief "without process." *Little*, 138 Ill. at 278. Calculation of the amount owed under the note in the present case does not require an evidentiary hearing or judicial inquiry; plaintiff has demonstrated as much by attaching documents—the accuracy of which defendants do not dispute—that transparently show the simple calculation of the amount owed under the note. The *Little* court also expressed concern

- 10 -

that a limitless power to confess judgment would be conducive of fraud, "subversive of justice," and would allow a plaintiff to function as his own opponent and his own judge. *Little*, 138 Ill. at 279. It is hard to imagine how the power to confess judgment in the present case would be in any way conducive of fraud or subversive of justice. The note simply documents a $100,000 loan that must be paid back at a publicly announced interest rate. Transparent calculation of the amount owed under the note is attached to the complaint. It is again noteworthy that defendants do not dispute the existence of their debt to plaintiff or the accuracy of plaintiff's computation of their debt.

¶ 36    For the above reasons, we find that the note's confession of judgment clause is not legally insufficient. As noted, Illinois case law has not addressed the situation presented on this appeal, where the principal owed is fixed in the instrument but the interest rate is variable. Accordingly, we proceed to analyze the effect of section 3-112 on the dispute.

¶ 37                    II. The Effect of Section 3-112 on Confessions of Judgment

¶ 38    In 1991, the Illinois legislature adopted updated sections of article 3 of the UCC. Pub. Act 87-582 (eff. Jan. 1, 1992). Article 3 of the UCC governs "negotiable instruments." 810 ILCS 5/3-102(a) (West 2000). Section 3-104(a) provides a definition of negotiable instrument:

> "Except as provided in subsections (c)[6] and (d),[7] 'negotiable instrument' means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
>
> > (1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
> >
> > (2) is payable on demand or at a definite time; and
> >
> > (3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) *an authorization or power to the holder to confess judgment* or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of any obligor." (Emphasis added.) 810 ILCS 5/3-104(a) (West 2000).

¶ 39    In turn, section 3-112(b) contains provisions on interest in negotiable instruments:

> "Interest may be stated in an instrument as a fixed or variable amount of money or it may be expressed as a fixed or *variable rate or rates*. The amount or rate of interest may be stated or described in the instrument in any manner and may require reference to information not contained in the instrument. If an instrument provides for interest,

---

[6]Subsection (c) provides: "An order that meets all of the requirements of subsection (a), except paragraph (1), and otherwise falls within the definition of 'check' in subsection (f) is a negotiable instrument and a check." 810 ILCS 5/3-104(c) (West 2000). Subsection (c) does not apply here because the note is not a check.

[7]Subsection (d) provides: "A promise or order other than a check is not an instrument if, at the time it is issued or first comes into possession of a holder, it contains a conspicuous statement, however expressed, to the effect that the promise or order is not negotiable or is not an instrument governed by this Article." 810 ILCS 5/3-104(d) (West 2000). Subsection (d) does not apply here because the note contains no such statement.

but the amount of interest payable cannot be ascertained from the description, interest is payable at the judgment rate in effect at the place of payment of the instrument and at the time interest first accrues." (Emphasis added.) 810 ILCS 5/3-112(b) (West 2000).

The official comment to section 3-112 of the UCC specifies that "[t]he purpose of subsection (b) is to clarify the meaning of 'interest' in the introductory clause of Section 3-104(a). It is not intended to validate a provision for interest in an instrument if that provision violates other law." Unif. Commercial Code § 3-112, 2 U.L.A. 82, Official Comment (2004).[8]

¶ 40    The note in question is a negotiable instrument, as defined in section 3-104. As noted, a negotiable instrument is "an unconditional promise *** to pay a fixed amount of money, with *** interest," that "(1) is payable to bearer at the time it is issued ***; (2) is payable on demand or at a definite time; and (3) does not state any other undertaking or instruction by the person promising *** payment to do any act in addition to the payment of money." 810 ILCS 5/3-104(a) (West 2000). Furthermore, section 3-104(a) explicitly allows for negotiable instruments to contain confession of judgment clauses. 810 ILCS 5/3-104(a) (West 2000). In the case at bar, payment of the note in question is not conditioned on anything, the note is for a fixed sum ($100,000) with interest, the note was payable to plaintiff when it was issued, the note was payable at a definite time (December 15, 2000), and the note permissibly contains a confession of judgment clause. Accordingly, the note is a negotiable instrument. Defendants have made no arguments to the contrary.

¶ 41    Since the subject note is a negotiable instrument, section 3-112 applies. Section 3-112(b) explicitly allows for interest to be stated at a "variable rate or rates." 810 ILCS 5/3-112(b) (West 2000). Although the official comment makes clear that section 3-112(b) "is not intended to validate a provision for interest in an instrument if that provision violates other law" (Unif. Commercial Code § 3-112, 2 U.L.A. 82, Official Comment (2004)), we have concluded that a variable interest rate in a confession of judgment clause where the principal is fixed does not violate Illinois law. Accordingly, we answer the certified question in the affirmative: A confession of judgment under a note drafted under the UCC is valid where the note references a variable interest rate and has a definite principal sum.

¶ 42                                    CONCLUSION

¶ 43    The certified question is an issue of first impression. We have found that a note containing a confession of judgment clause with a fixed principal amount due and a variable interest rate is not legally insufficient under Illinois case law interpreting the statutory right to confess judgment. We have further concluded that section 3-112 of the UCC is applicable and explicitly allows for negotiable instruments, like the note in question, to contain a fixed principal and a variable interest rate.

¶ 44    Certified question answered.

---

[8]The official comment to section 3-112 of the UCC was not adopted by the Illinois legislature, and is thus not part of section 3-112 (810 ILCS 5/3-112 (West 2000)). Nevertheless, the official comment is instructive to an interpretation of section 3-112.